## PATTERSON v. TOMLINSON et al.
### No. 8640.

Court of Civil Appeals of Texas. Austin.

May 25, 1938.

Rehearing Denied June 15, 1938.

Naman, Howell & Boswell, of Waco, for appellant.

Cox & Brown, of Temple, for appellee.

BLAIR, Justice.

This appeal arose as follows:

Plaintiff, Mary Elizabeth Tomlinson, sued appellant, R. H. Patterson, to recover personal injury damages sustained in an automobile collision on a public street in the city of Temple, between a car in which she was riding as the guest of J. F. Paul, and a car owned and driven by appellant. She alleged, offered proof tending to show, and the jury found in answer to special issues: (1) that appellant was driving his car on the left side of the street; and (2) that he failed to keep a proper lookout in front of his car; and that each such act was negligence and a proximate cause of plaintiff's injury. The jury found her damages to be $12,500; and judgment was accordingly rendered for her. No appeal was taken from said judgment, and it has been compromised and settled by appellant.

By way of cross-action appellant sued J. F. Paul as joint tort-feasor for contribution, seeking to recover one-half of any damages to plaintiff which were caused by their joint or concurring negligence. The two acts of negligence relied upon as showing Paul to be a joint tort-feasor were: (1) that he was driving his car in excess of 20

miles per hour in violation of Art. 827a, Penal Code, § 8, Vernon's Ann.P.C. art. 827a, § 8; and (2) that while so driving his car he swerved it to the left and attempted to pass in front of the car of appellant. The only evidence on these issues was that Paul was driving his car at about 25 miles per hour immediately before the collision; and that immediately before the collision he swerved his car and attempted to pass in front of appellant's car, which struck the Paul car about its center, pushing it to the curb; and after appellant's car rebounded from the impact, it again went forward and struck the Paul car, such collision causing the injury complained of by plaintiff. At the conclusion of the evidence the trial court instructed a verdict and accordingly rendered judgment in favor of Paul on the cross-action of appellant. This appeal is from the judgment so rendered.

The sole question presented is one of law, and is, where a guest is injured in an automobile collision between the car of her host and that of a third party, each of whose ordinary negligence is a proximate cause of the injury to the guest, may the third party recover contribution of one-half of the damages caused by their joint or concurring ordinary negligence, in view of the provision of Art. 6701b, Vernon's Ann.Civ. Stat., commonly known as the guest statute, which restricts the liability of the host to those injuries to his guest which result from "his heedlessness or his reckless disregard of the rights of others," or from his gross negligence? We have reached the conclusion that the question should be answered in the negative.

There can be no serious question but that the two acts of negligence charged against Paul, the host, in the operation of his car, and the proof thereon, would establish only ordinary negligence. In construing the guest statute many cases hold that while the operation of an automobile in excess of the statutory speed limit is negligence per se, that negligence per se falls within the class of ordinary negligence. Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721; Munves v. Buckley, Tex.Civ.App., 70 S.W. 2d 605; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142. And with regard to the act of Paul in his swerving the car in front of appellant's car in an attempt to get past it or to avoid the accident, the cases construing the guest statute hold that the momentary, thoughtlessness, or inadvertence, or error of judgment of the motorist caused by excitement or other things, are merely acts of ordinary negligence, and do not authorize a recovery by a guest from the host under the guest statutes. Pfeiffer v. Green, Tex.Civ.App., 102 S.W.2d 1077; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; McMillian v. Sims, Tex.Civ.App., 112 S.W. 2d 793. And all cases construing the guest statute hold that its purpose was to exempt the host from liability to the guest for injury caused by ordinary negligence in the operation of the automobile; and that the owner or operator of the automobile is liable under the provisions of the statute to his non-paying guest only for such injuries as are "caused by his heedlessness or his reckless disregard of the rights of others," which means "gross negligence" as that term is known in law, and which is an entire want of care for the rights or welfare of other persons who may be affected by his acts. Paschall v. Gulf C. & S. F. R. Co., Tex.Civ.App., 100 S.W.2d 183; Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721; Scott v. Gardner, Tex.Civ.App., 106 S.W. 2d 1109; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; McMillian v. Sims, Tex. Civ.App., 112 S.W.2d 793. To the same effect are the several cases from Connecticut and South Carolina, which have guest statutes similar to or identical with our statutes, and which cases are reviewed and their holdings adopted by the Eastland Court of Civil Appeals in Napier v. Mooneyham, 94 S.W.2d 564. See also Silver v. Silver, 108 Conn. 371, 143 A. 240, 65 A.L.R. 943; Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581, 74 A.L.R. 1198, and 86 A.L.R. 1147.

Since under the undisputed facts, viewed in the light of the guest statute, Paul, the host driver of the car, is not liable to his non-paying guest for damages for injuries sustained by her in the collision, he is not a joint tort-feasor, and is therefore not liable for contribution to appellant, who under the undisputed facts is alone liable to plaintiff for her injuries and damages sustained in the collision. To subject Paul to liability through contribution for his ordinary negligence would by indirection compel him to pay his guest for his ordinary negligence, in contravention of the provisions of the guest statute, which exclude recovery of the host for ordinary negligence.

Nor do we sustain the contention of appellant that the guest statute was intended to apply only as between the host and the guest, and not as between the parties to an

automobile collision in which the guest is injured. In attempting to sustain this contention, appellant cites Art. 2212, R.S.1925, which provides that joint tort-feasors equally guilty of negligence are entitled to contribution, one from the other; and that joint tort-feasors unequally guilty of negligence are not entitled to contribution, but that the one least negligent may recover of the one most negligent full contribution. The answer to this contention is our holding that a host driver is not liable to his guest for ordinary negligence, and is therefore not a joint tort-feasor. Only joint tort-feasors are dealt with by Art. 2212, and it therefore has no application in the instant case. Nor do the several cases cited by appellant construing this statute apply to the facts of the instant case.

The judgment of the trial court will be affirmed.

Affirmed.