**Tianada LEONARD, Appellant,**

v.

**Leonard HELMS, Appellee.**

**No. 7868.**

United States Court of Appeals
Fourth Circuit.

Argued June 19, 1959.

Decided Aug. 5, 1959.

---

Donald T. Stant, Bristol, Va. (Bradley Roberts, and Stant & Roberts, Bristol, Va., on the brief), for appellant.

H. E. Widener, Jr., Bristol, Va. (Widener & Widener, and Dick B. Rouse, Bristol, Va., on the brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and BARKSDALE, District Judge.

SOPER, Circuit Judge.

This is an appeal by Tianada Leonard, defendant below, from a judgment of the District Court awarding Leonard Helms, the plaintiff below, damages in the sum of $13,000 for serious injuries suffered by him in an automobile accident which occurred in Bristol, Virginia, when Miss Leonard was driving Helms's Cadillac automobile, with Helms seated beside her, and drove the car into a stone wall at a street intersection.

The parties resided in Bristol on the borderline between Virginia and Tennessee. Both unmarried and in their thirties, they had known one another for several years and frequently went out together. Customarily they drove about in the evening in the area of Bristol in Helms's car with the lady at the wheel, as she liked to drive the Cadillac.

About 5:00 p. m. on the afternoon of March 30, 1957, Helms drove to Miss Leonard's house to keep an engagement they had previously made. At her suggestion Helms allowed her to drive and they drove around the city of Bristol, as was their usual custom, prior to attending a dance at a V.F.W. Post in the city. Before going to the dance they drove to Helms's rooming house where they invited his landlady to accompany them. She accepted; and they arrived at the dance about 9:00 p. m. While there Helms drank two beers but neither of the ladies had anything to drink. After midnight they left the dance and, with Miss Leonard still driving, took the landlady home. From there they proceeded to a restaurant on the road to Abingdon, Virginia. Finding the restaurant closed they continued to drive around and talk until after 2:00 a. m., when they decided to return home.

It was early Sunday morning and following a past practice they planned to

drop Helms at his rooming house, after which Miss Leonard was to drive the automobile to her house and return it later in the day. Sometime after 2:30 a. m., when Helms had fallen asleep, Miss Leonard, in driving the car, failed to obey a stop sign at a street intersection near the rooming house, mistakenly placing her foot on the accelerator instead of the brake, so that the car crashed into a stone wall on the other side of the street whereby both occupants were badly injured.

Helms instituted the pending suit against Miss Leonard to recover damages on account of his injuries, and by agreement of counsel the case was submitted to the District Judge who rendered a verdict for the plaintiff. He found as a fact that Miss Leonard did not operate the car with such heedless and reckless disregard of the rights of others as to constitute gross negligence but that she was guilty of ordinary negligence, which was the sole proximate cause of the accident, when she failed to stop the car at the street crossing in the manner above described. See Helms v. Leonard, D.C., 170 F.Supp. 143. The pending appeal is taken from the judgment based on this finding since it is contended that under the facts of the case there can be no recovery in Virginia against the driver of a car for injuries resulting from its operation unless they were caused by the gross negligence of the operator.

This contention is based on § 8–646.1 of the Code of Virginia of 1950, which is as follows:

"No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation and no personal representative of any such guest so transported shall be entitled to recover damages against such owner or operator for death or injuries to the person or property of such guest resulting from the operation of such motor vehicle, unless such death or injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator."

The defendant argues that this statute applies because at the time of the accident she was the operator of the car and the plaintiff, although the owner, was her guest since he had given her complete control of the vehicle. It is pointed out that the statute was merely declaratory of the rule of law laid down in Boggs v. Plybon, 157 Va. 30, 160 S.E. 77, that one who undertakes a duty gratuitously should be subjected to a lesser measure of obligation than one who enters upon such an obligation for pay; and it is said that the defendant falls within a liberal application of this rule since, from the beginning of the evening, she relieved him of the task of driving and engaged in the gratuitous undertaking of driving herself and was as much a host to him as he would have been to her, if he had remained behind the wheel, especially after he relinquished complete control to her by falling asleep.

We are in agreement with the District Judge that this position cannot be sustained since it ignores the admitted fact that Helms was the owner of the car and Miss Leonard was actually his guest. This relationship was not changed when she asked for and was granted the privilege of driving the car. There was no gratuitous undertaking on her part for the benefit of the owner but, rather, the acceptance of a favor from him, which was tendered because it gave her pleasure. The change of places in the vehicle did not alter the relationship of host and guest.

We had occasion to consider the Virginia statute in Mayer v. Puryear, 4 Cir., 115 F.2d 675, where, the relationship of the parties being reversed, a young woman who was being transported gratuitously in an automobile by the owner and was driving it at her own request sued the owner because she negligently interfered with the operation of the car causing serious injuries to the driver. We held that the plaintiff was the guest of the owner without payment of compensation

**50**

within the meaning of the statute, although she was driving the car, and therefore could not recover, because the evidence showed that the owner in bringing about the accident was not guilty of gross negligence but merely ordinary negligence; and we pointed out that the holding was in accordance with the definition of the term "guest" set out in § 490 of the Restatement of Torts, as follows:

> " * * * The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return, except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road."

The judgment below in the instant case was in accord with this decision, since it correctly appraised the relationship of the parties and found that Helms, the owner, was not the guest of Miss Leonard, the driver of the car at the time of the accident. This being so, there is no basis for the application of the statute. While it clearly requires that a gratuitous guest must prove gross negligence in order to recover injuries caused by the owner or operator of the car, it does not alter the general rule that the owner of the car may recover for injuries caused by ordinary negligence whether inflicted by his guest or any other person.

In view of the decision in Mayer v. Puryear, supra, the District Judge was clearly right in refusing to follow the decision in Phelps v. Benson, 252 Minn. 457, 90 N.W.2d 533, in which it was held, under a statute similar to Virginia's, that the owner of a car, who shared the expenses of a vacation trip taken by him and a friend and their respective wives, was the gratuitous guest of the friend who was driving the car at the time of an accident and therefore could not recover for personal injuries caused when the friend negligently wrecked the car by driving it off the road and down an embankment.

The decisions of the Supreme Court of Appeals of Virginia give effect to the purposes of the statute by a liberal interpretation of the phrase "guest without payment", but we find nothing in them which would justify the holding in the pending case that the plaintiff-owner of the car lost his character of host and became the guest of his companion when he permitted her to drive the car for her own pleasure. See Smith v. Tatum, 199 Va. 85, 97 S.E.2d 820, and cases cited therein.

Affirmed.