Charles **SATTERFIELD**, Appellant,

v.

**UNITED AUTO SUPPLY, INC.**, et al.,
Appellees.

No. 16878.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 19, 1968.

Rehearing Denied Feb. 16, 1968.

**42**

Hill, Paddock & Street, and John G. Street, Jr., Fort Worth, for appellant.

Michael H. Sebastian, Dallas, for appellee Billy John Marshall.

Simon & Simon, and Henry W. Simon, Jr., Fort Worth, for appellee Jess Satterfield.

OPINION

LANGDON, Justice.

This is a personal injury suit brought by a father, appellee Jess Satterfield, against his son, appellant Charles Satterfield, and United Auto Supply, Inc., and Billy John Marshall, arising out of a two-car accident on the Waco highway south of Burleson, Texas, between an automobile owned by the father and driven by the son, in which the father was also riding, and a pickup truck owned by United Auto Supply, Inc., and driven by Billy John Marshall. The court found as a matter of law, that the plaintiff, Jess Satterfield, and the defendant, Charles Satterfield, were, at the time in question, engaged in a joint venture. Upon a jury verdict finding both drivers guilty of ordinary negligence, which was a proximate cause of the accident the trial court rendered judgment for the appellee father as against the appellant son and that appellee father take nothing as to United Auto Supply, Inc., and Billy John Marshall.

It refused to render judgment for contribution in favor of appellant Charles Satterfield as against Billy John Marshall. Appellant Charles Satterfield has duly perfected his appeal and Jess Satterfield appealed as to the take nothing judgment against Billy John Marshall.

We affirm.

The appeal of Charles Satterfield is based upon fourteen points of error. Points 1 through 8, both inclusive, and points 13 and 14 all pertain to the applicability of Art. 6701b, Vernon's Ann.Civ.St. (commonly referred to as the guest statute) to the facts of this case rather than the court's finding of joint venture.

The terms joint venture, joint adventure, common enterprise and joint enterprise are

synonymous according to the authorities and are used interchangeably.

■ "A 'joint enterprise,' for the purpose of applying the rule here involved, is defined as such a legal relationship between two or more persons as will impose responsibility on each joint adventurer for the negligent acts of the others, while they are acting in furtherance of their common undertaking. Two elements are necessary to show the existence of a joint enterprise. These elements are (1) proof of a joint interest in the object and purpose of the enterprise, and (2) proof of an equal right on the part of all the parties, either express or implied, to direct and control the conduct of each other in attaining the objectives and purposes of the enterprise. * * *" 7 Tex.Jur.2d 614, § 247. See authorities cited thereunder which include Straffus v. Barclay, 214 S.W.2d 826 (Amarillo, Tex.Civ. App., 1948), affirmed by Supreme Court, 147 Tex. 600, 219 S.W.2d 65 (1949). See also 7 Tex.Jur.2d, p. 614, § 247; 40 Tex. Jur.2d, p. 636, § 120; 11 Tex.L.R. 263; 12 Tex.L.R. 372; 13 Tex.L.R. 161, 163; and Hines v. Welch, 229 S.W. 681 (Texarkana, Tex.Civ.App., 1921, no writ hist.).

■ The guest statute, Art. 6701b, V.A.C.S., is not applicable where the parties are engaged in a joint enterprise. Where the owner of the vehicle is riding in the vehicle being driven by another person the owner is not the guest of the driver. The owner as such has the equal right either express or implied to direct and control the conduct of the driver in the operation of the vehicle. In this case it is undisputed that the parties were going to church at the time of the collision in question and thus shared a joint or common interest in the object and purpose of the trip. Under the evidence the appellee did not relinquish control of his car and could or would have exercised such right of control had he deemed it necessary. The right of control and not actual physical control is the usual test applied in such cases.

■ "An owner of a car is entitled to expect that one whom he permits to drive his car will follow his directions. On the other hand, one who is a guest in a car not only feels reluctant to interfere with his driver, but the owner who is driving is far less likely to heed his advice than if he, the driver, were merely permitted by the plaintiff, as owner, to do the driving." The Restatement of Torts, § 491 at page 551.

■ A joint venturer may recover from another joint venturer for ordinary negligence as distinguished from gross negligence required of a guest under Art. 6701b, V.A.C.S.

"It seems that a showing that a rider and the operator of a vehicle were engaged in and on the business of a joint enterprise at the time of an accident in which the rider was injured would remove the rider from the operation of the guest statute. The fact that the rider and the operator were engaged, at the time of the rider's injury, in a joint enterprise will not itself preclude the rider from recovering damages in a suit instituted against the driver. The reason for this rule lies in the fact that the doctrine of 'imputed negligence' is inapplicable to a controversy between the parties to a joint enterprise. * * * An entirely different situation is presented, however, where an action by the rider is commenced against the operator of another vehicle involved in the collision. Where this is the case, each member of the joint enterprise will then be regarded as having been the representative of the other member, and the acts of one member will be deemed to have been the acts of both members, provided, of course, that such acts were within the scope of the enterprise. In short, under such circumstances the doctrine of imputed negligence is applicable to the rider, so as to bar him from recovering damages from the operator of the other vehicle." 7 Tex.Jur.2d 599, § 234.

■ Since in our opinion the court was correct in holding as a matter of law that

the parties were engaged in a joint venture on the occasion in question and that the guest statute was not applicable it follows that the court was correct in denying the appellant's motions for summary judgment, judgment non obstante veredicto, for directed verdict and for judgment, all of which were primarily based upon Art. 6701b, supra, (the guest statute). For the same reasons the court was correct in refusing appellant's motion to sustain his special exceptions, to submit special issues submitted by him as to whether the appellee was a guest of the appellant, and in overruling appellant's objections to the charge of the court.

Johnson v. Smither, 116 S.W.2d 812 (Fort Worth, Tex.Civ.App., 1938, writ dism.); El Paso Electric Co. v. Leeper, 60 S.W.2d 187 (Tex.Com.App., 1933); McCormick v. Stowe Lumber Company, 356 S.W.2d 450 (Austin, Tex.Civ.App., 1962, ref. n. r. e.); Nelson v. Fulkerson, 155 Tex. 298, 286 S.W. 2d 129 (1956); Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949).

In the case of Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117 (1959), which is relied upon by the appellant, the court in an opinion by then Chief Justice Hickman stated: " * * * we do not have before us a case in which the owner was present in his own automobile driven by another, as in Straffus v. Barclay, supra; second, nor one in which a parent was present in an automobile driven by his minor child, as in Nelson v. Fulkerson, 155 Tex. 298, 286 S.W.2d 129; third, nor one in which a driver and an occupant jointly borrowed an automobile, as in El Paso Electric Co. v. Leeper, supra; * * * This case is one in which the owner of the automobile is also the driver on a nonbusiness trip."

See also 38 Tex.L.R. 813.

"Since the theory of joint enterprise is to make each party thereto the agent of the other and thereby to hold each responsible for the negligent acts of the other, it may have the effect of making a passenger liable to a third person not a party to the enterprise, as well as barring his recovery against a third person on the ground of contributory negligence. * * * " 7 Tex. Jur.2d 664, § 292 (Parties involved in joint enterprise).

In cases where the plaintiff is a guest under the provisions of Art. 6701b, V.A. C.S., supra, rather than a joint venturer, as here, a different rule applies. See 7 Tex. Jur.2d 618, § 250.

By points 9 and 10 the appellant contends the trial court erred in overruling his motions for judgment non obstante veredicto and for judgment because the testimony of the appellee acquitted him of any negligence. That appellee being bound by such testimony which is conclusive and against him is judicially estopped to recover judgment against the appellant.

We find no merit in this contention. The appellee testified only as to what he could remember. The only positive statement made by him concerning the behavior of the appellant was that he stopped at the stop sign. The jury found this was so. The jury's verdict was based upon all of the evidence adduced before it. The appellant did not affirmatively plead estoppel nor did he object to the evidence offered by the appellee based upon his claim of judicial estoppel.

By his points 11 and 12 the appellant contends the Court erred in refusing his requested trial amendment and special issues pertaining to an excessive rate of speed on the part of the defendant, Marshall, which was alleged to be a proximate cause and the sole proximate cause of the accident.

The record in this case shows the following action in chronological order:

June 8, 1965—Plaintiff's original petition was filed.

July 29, 1966—Deposition of Billy John Marshall was taken.

August 16, 1966—Plaintiff's 1st amended original petition was filed.

January 6, 1967—Plaintiff's first supplemental petition was filed.

January 17, 1967—Case goes to trial.

January 19, 1967—Plaintiff offers trial amendment in question which was refused by the Court.

It will be observed from the above data that the case had been on file in excess of a year and six months when the trial amendment was filed and that the appellant filed his first amended original petition after the deposition of Billy John Marshall was taken. It must be presumed that the appellant had full knowledge of Marshall's testimony at the time he filed his amended original petition. The trial amendment complained of was not filed until the third day of trial. There was no contention of "surprise" at the testimony of Marshall at the time it was given. There is none now nor was there any motion for continuance on the basis of such contention.

The jury convicted the appellant of negligence in failing to keep a proper lookout and of driving into the intersection at a time when Marshall's car was approaching so closely as to constitute an immediate hazard. The jury also convicted Marshall of negligence. It follows that a jury finding of excessive speed on the part of Marshall would not alter or change the judgment which was rendered. Therefore, the failure of the trial court to permit the filing of the trial amendment and to submit the issues based thereon did not prejudice the appellant and would not require a reversal.

The trial court is vested with sound judicial discretion with regard to trial amendments and supplemental pleadings and something more than a request and refusal must appear before a reviewing court may properly say that the trial judge abused his discretion. The action of the trial court is presumed correct and is subject to review only on a showing of an abuse of discretion.

We find no abuse of discretion on the part of the trial judge.

In view of our holding we see no necessity in discussing the appellee's cross assignments of error which are overruled. All of appellant's points of error are likewise overruled and the judgment of the trial court is in all things affirmed.