Charles **SATTERFIELD**, Petitioner,

v.

Jess **SATTERFIELD** et al., Respondents.

No. B–812.

Supreme Court of Texas.

March 26, 1969.

Rehearing Denied June 11, 1969.

Second Rehearing Denied July 9, 1969.

Hill, Paddock & Street, John G. Street, Jr., Fort Worth, for petitioner.

Richard U. Simon, Jr., Fort Worth, Michael H. Sebastian, Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, Byrd, Davis, Eisenberg & Clark, Tom H. Davis and Don L. Davis, Austin, for respondents.

SMITH, Justice.

This is an action for damages for personal injuries growing out of a collision between two automobiles on a public highway in this state. Jess Satterfield filed this suit against his son, Charles Satterfield, who was driving his [Jess Satterfield's] automobile, which was involved in the collision; the owner of the *other* automobile, United Auto Supply, Inc.; and Billy John Marshall, the driver of the United Auto Supply automobile. The case was submitted to a jury on special issues, resulting in findings of (1) negligence and proximate cause against Billy John Marshall, the driver of the other automobile; (2) negligence and proximate cause against Charles Satterfield, the driver of plaintiff's, Jess Satterfield, automobile; and (3) damages in the sum of $7,337.54.

The trial court found that, as a matter of law, Jess and Charles Satterfield were engaged in a joint enterprise. In view of the jury findings that the negligent acts of both Charles Satterfield and Billy John Marshall were proximate causes of the injuries sustained by Jess Satterfield, the plaintiff was denied a judgment for damages against Billy John Marshall and United Auto Supply. This finding was based on the theory that the negligence of Charles is imputed to Jess. Charles Satterfield was denied a judgment against Billy John Marshall on his plea for contribution. However, based upon the jury findings that Charles Satterfield's negligence proximately caused the collision in question, the trial court entered judgment that Jess Satterfield recover of and from the defendant, Charles Satterfield, the sum of $7,337.54, as found by the jury. The judgment in favor of United Auto Supply became final in the trial court when no appeal was perfected from the trial court judgment in its favor. On appeal, Jess Satterfield complained of the take nothing judgment in favor of Billy John Marshall. Charles Satterfield complained of the judgment in favor of Jess Satterfield as well as the judgment denying to him contribution from the defendant, Billy John Marshall. The Court of Civil Appeals for the Second Supreme Judicial District of Texas affirmed the judgment of the trial court. Satterfield v. United Auto Supply, Inc., 424 S.W.2d 40. We affirm.

For convenience, Jess Satterfield shall hereinafter be designated as plaintiff; Charles Satterfield shall be designated as defendant.

Since the plaintiff did not file a motion for rehearing in the Court of Civil Appeals and has not filed an application for writ of error to this Court, we are concerned only with the questions raised in the defendant's application for writ of error. This is a case of first impression in Texas so far as the principal question is concerned. That question is: Did the plaintiff become a "guest" within the meaning of Article 6701b, Vernon's Annotated Civil Statutes, while riding in, but not operating, his own automobile? We answer that he did not.

The only Texas decisions have been those which dealt with a situation where a passenger brought suit against an owner-operator. However, before proceeding

with an analysis of these cases, we point out the following undisputed facts:

On November 8, 1964, according to the testimony, the Satterfields decided to go to Burleson, Texas, and from there to church. The plaintiff requested the defendant to drive the automobile so he, the plaintiff, could sit in the back seat and entertain the defendant's little daughter, who was about fourteen months old. The defendant's wife, Sherry, was sitting in the front seat with her husband at the time of the collision. Plaintiff and defendant each had a car available for the trip. The reason for the son driving the father's car was explained by the plaintiff as follows: The father, Jess, when asked why his son, Charles, was driving, testified, "Well, because my little granddaughter wanted to ride in 'Paw-Paw's' car. And, it was out in front, and so I said, 'Let's go in mine,' and I wanted to be with her and sat in the back seat to play with her." Before going to church, the party went to visit some "in-laws" in Burleson, arriving there about 6:30, "pretty close to 7:00" in the evening. They left there (Charles still driving) "about 7:15, I think, or 7:30." It was dark at that time. The special reason for going to church on this occasion was, "my daughter-in-law's mother was going to be baptized that night." The plaintiff had bought the gasoline for his automobile. The defendant received no money or other tangible benefit for his services in driving the automobile.

Article 6701b provides that "[n]o person transported over the public highways of this state by the owner or operator of a motor vehicle *as his guest without payment* for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." [Emphasis added.]

The defendant pleaded, as a defense, that the plaintiff was a guest within the meaning of this statute. In his motion for instructed verdict and in his motion for judgment non obstante veredicto, the contention was made that the Article applied, and since the plaintiff failed to allege and prove gross negligence on the part of the defendant, recovery should be denied. The defendant takes the position that even though the plaintiff was the owner of the automobile which the defendant was driving at the time of the collision, the facts show that the plaintiff had relegated himself to the status of a "guest."

■ The defendant contends that under the test laid down in Raub v. Rowe, 119 S.W.2d 190 (Tex.Civ.App.—El Paso 1938, writ ref'd), the plaintiff was clearly a *guest without payment* for his transportation. The *Raub* case was cited with approval by this Court in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198 (1952). This latter case announces the rule that to remove a case from the provisions of the guest statute a definite relationship must be established and a definite tangible benefit to the operator must be shown to have been the motivating influence for furnishing the transportation. In relying upon these cases, the defendant apparently believes that they stand for the proposition that in every instance of this character a tangible benefit to the operator of a motor vehicle must be shown in order to relieve a passenger from the status of a guest. In making this contention, the defendant disregards the first requirement of the guest statute that a host-guest relationship must exist, and only gives emphasis to his view that since a special tangible benefit was not the motivating influence for furnishing the transportation, the guest statute has no application. In taking such position the defendant overlooks the fact that the *Raub* and *Lochausen* cases, as well as other similar cases upon which he relies, pertain only to whether an occupant has paid for his transportation within the meaning of the statute. See Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117, 120 (1959). Those cases have no logi-

cal relationship to the question we have here, i. e., whether a host-guest relationship exists between the operator and occupant of the vehicle. The rule pronounced in those cases evolved from a factual situation where a passenger was seeking damages against the owner-operator of a vehicle. The question of whether or not a host-guest relationship existed in these cases was not at issue. The test laid down in those cases does not purport to encompass *all* of the circumstances under which the guest statute may be invoked by the operator of the vehicle. In reaching this conclusion, we deem it important to determine the sense in which the Legislature used the term "guest" and the phrase "his guest without payment." While Texas follows the rule that statutes in derogation of the common law are not to be strictly construed, it is recognized that if a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview. Hickman v. Finlay, 392 S.W.2d 147 (Tex.Civ.App.—Austin 1965, writ ref'd). Since the Legislature did not specifically define the word "guest" or the phrase "his guest without payment," we will apply to the word and the phrase their ordinary meaning. Words in common use, when used by the Legislature in a statute, therefore, are to be interpreted as intending to express the meaning in which they are ordinarily understood. In solving the particular question now under consideration, we believe the phrase "his guest without payment" is susceptible to the interpretation that a person does not come within the purview of the statute unless he is a guest *and* a guest *without payment* for his transportation. In almost every instance, however, the determination that the occupant is a "guest" will also answer the issue of whether he is a "guest without payment." The word "guest", apart from its usage in signifying the patron of a hotel, et cetera, is commonly understood to presuppose the absence of any *payment* for hospitality received.

The word "guest" has been defined as denoting "one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity. * * *" See Restatement of Torts, Second, Sec. 490, Comment A; Morse v. Walker, 229 N.C. 778, 51 S.E.2d 496 (1949). Webster's New Collegiate Dictionary, 2d Ed. (1959), defines a "guest" as "a person entertained in one's house or at one's table; a visitor entertained without pay;" hence, a person to whom the hospitality of a home, club, etc. is extended.

Applying these rules and definitions to the facts here, we find that the defendant did not create a host-guest relationship when he agreed or offered to drive the plaintiff's automobile. That a relationship of host-guest is a requirement of the guest statute was settled by this Court in Cedziwoda v. Crane-Longley Funeral Chapel, 155 Tex. 99, 283 S.W.2d 217 (1955). There is no evidence that the defendant, the supposed host, had any authority or power to extend his hospitality to the supposed guest, the plaintiff, on the occasion in question. In fact, the defendant admits in his brief that his very presence in the automobile was subject to the plaintiff's authority.

By Article 6701b, *supra*, the Legislature has clearly provided that before a person comes under its provisions two essential elements must be established. Both the requirements that such a person must be a "guest", and the requirement that such a person must be a "guest without payment" for such transportation must be met. As heretofore pointed out, we find no facts which would justify a holding that the plaintiff lost his character of host and became the guest of the defendant. The plaintiff was the owner of the automobile and as such he alone had the right to decide who could ride. The plaintiff needed no invitation, express or implied, before he

had the right to ride in his own vehicle. The plaintiff was, as a matter of law, not a "guest without payment." See Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732 (1960). The fact that the defendant was doing the driving does not change this relationship. Mayer v. Puryear, 115 F.2d 675 (4th Cir., 1940). For the reasons stated, we hold that the plaintiff was not a "guest" within the meaning of Article 6701b, Vernon's Annotated Civil Statutes. Other cases which support our view are: Baldwin v. Hill, 315 F.2d 738 (6th Cir., 1963); Degenstein v. Ehrman, 145 N.W.2d 493 (N. Dakota Sup., 1966); Froemke v. Hauff, 147 N.W.2d 390 (N. Dakota Sup., 1966); Gledhill v. Connecticut Company, 121 Conn. 102, 183 A. 379 (1936); Heddendorf v. Joyce, 178 So.2d 126 (Fla.App., 1965); Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122 (1960); Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841 (1952); Peterson v. Winn, 84 Idaho 523, 373 P.2d 925 (1962).

■ We turn now to a consideration of other points of error upon which the defendant relies. The defendant raises a point in this Court that the Court of Civil Appeals erred in affirming the trial court's ruling that under the facts of this case, the plaintiff and defendant were engaged in a joint enterprise, as a matter of law. The defendant, according to the record, made no complaint of such ruling, either in the trial court or the Court of Civil Appeals. Therefore, the point has not been properly preserved for appellate review. The point is overruled. We have considered the defendant's remaining points. Proper disposition of these points was made by the Court of Civil Appeals. Further discussion of these points is unnecessary. The points are overruled.

The judgment of the trial court and the Court of Civil Appeals are affirmed.

CALVERT, C. J., and WALKER and POPE, JJ., concur in the result.

ON MOTION FOR REHEARING

SMITH, Justice.

The Petitioner, Charles Satterfield, argues on motion for rehearing that we erred: (1) in holding that the Respondent, Jess Satterfield, was not a "guest" within the meaning of Article 6701b, Vernon's Annotated Civil Statutes, while riding in, but not operating, his own automobile; (2) in failing to pass upon the question of whether Petitioner was entitled to contribution from Respondent, Marshall; and (3) in holding that the Petitioner did not "properly preserve the point that the lower courts erred in ruling that the parties [Charles and Jess Satterfield] were engaged in a joint enterprise, as a matter of law."

■ We have concluded that there is no merit to the first and third contentions. In addition to the authorities cited for our holding on the first contention, see Prosch v. Cater, 448 P.2d 380 (Ore.Sup.1968); Leonard v. Helms, 269 F.2d 48 (4th Cir. 1959); 65 A.L.R.2d 312 (1959). We agree, however, that this court should pass upon the question of whether Petitioner was entitled to contribution from the Respondent Marshall. The question has been properly raised in the Courts below and in this Court. Petitioner contends that since the jury found Petitioner and Marshall to be joint tort-feasors, judgment should have been rendered in his favor, against Marshall, as provided in Article 2212, Vernon's Annotated Civil Statutes.[1] We do not agree.

1. "Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment. If any of said persons co-defendant be insolvent, then recovery may be had in propor-

In his brief in the Court of Civil Appeals and in his application for writ of error, Petitioner simply states, without argument, that Article 2212, *supra*, provides for contribution between joint tort-feasors, and that since the jury found Petitioner and Marshall to be joint tort-feasors, Petitioner is entitled to contribution from Marshall.

We hold that Marshall is not a joint tort-feasor within the meaning of Article 2212, *supra*. In Patterson v. Tomlinson, 118 S.W.2d 645 (Tex.Civ.App.1938, writ ref'd), a very similar fact situation was presented. There, J. F. Paul, owner-driver of one vehicle had a collision with R. H. Patterson, owner-driver of a second vehicle. Plaintiff, a passenger in the Paul vehicle, brought an action and recovered a judgment against Patterson. In the same cause, Patterson brought a cross-action against Paul for contribution as a joint tort-feasor. The trial court instructed a verdict for Paul in the cross action. The Court of Civil Appeals affirmed on the ground that since the charges of negligence against Paul were such as would establish only ordinary negligence, and that since Plaintiff could not recover against Paul because of Article 6701b, Vernon's Annotated Civil Statutes, then no contribution could be recovered from Paul. The Court stated, in holding that Paul was not a joint tort-feasor within the meaning of Article 2212, *supra*:

"Since under the undisputed facts, viewed in light of the guest statute, Paul, the host driver of the car, is not liable to his nonpaying guest for damages for injuries sustained by her in the collision, he is not a joint tort-feasor, and is therefore not liable for contribution to appellant, who under the undisputed facts is alone liable to plaintiff for her injuries and damages sustained in the collision. To subject Paul to liability through contribution for his ordinary negligence would by indirection compel him to pay his guest for his ordinary negligence, in contravention of the provisions of the guest statute, which exclude recovery of the host for ordinary negligence.

"Nor do we sustain the contention of appellant that the guest statute was intended to apply only as between the host and the guest, and not as between the parties to an automobile collision in which the guest is injured. In attempting to sustain this contention, appellant cites Art. 2212, R.S.1925, which provides that joint tort-feasors equally guilty of negligence are entitled to contribution, one from the other; and that joint tort-feasors unequally guilty of negligence are not entitled to contribution, but that the one least negligent may recover of the one most negligent full contribution. The answer to this contention is our holding that a host driver is not liable to his guest for ordinary negligence, and is therefore not a joint tort-feasor. * * * "

Although the facts in *Patterson* are not identical to the facts in *Satterfield,* the reasoning of the Court in *Patterson* is applicable. The trial court held that Petitioner and Jess Satterfield were engaged in a joint enterprise as a matter of law. As noted in the original opinion, Petitioner did not preserve this point for appellate review; therefore we did not pass upon such point. As the record reaches us, then, Marshall can not be held liable to Jess Satterfield because of the doctrine of imputed negligence. Therefore, Marshall can not be held indirectly liable through contribution for damages for which he can not be held directly liable. Patterson v. Tomlinson, *supra*; City of Houston v. Watson, 376 S.W.2d 23 (Tex.Civ.App.1964, writ ref'd n. r. e.); American Cooperage Co. v. Clemons, 364 S.W.2d 705 (Tex.Civ.App. 1963 writ ref'd n. r. e.); City of Houston

tion as such defendant or defendants are not insolvent; and the right of recovery over against such insolvent defendant or defendants in judgment shall exist in favor of each defendant in judgment in proportion as he has been caused to pay by reason of such insolvency. Acts 1917, p. 360."

v. Selph, 356 S.W.2d 850 (Tex.Civ.App. 1962, no writ hist).

Petitioner's motion for rehearing is overruled.

HAMILTON, J., dissents.