Carlton ZETAR, Jr., Appellant,

v.

James WOODROW et al., Appellees.

No. 7327.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 24, 1972.

Rehearing Denied March 16, 1972.

Mehaffy, Weber, Keith & Gonsoulin,
Beaumont, for appellant.

Seale & Stover, Jasper, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile accident. Plaintiffs, James Woodrow and Richard Hoyt, recovered judgment upon a jury verdict against defendant, Carlton Zetar, Jr. The parties will be referred to here as they were in the trial court.

■ This is apparently a case of first impression in Texas arising under Art. 6701b, Vernon's Ann.Civ.St., commonly known as the Guest Statute. The usual case is one in which the guest sues the host. Satterfield v. Satterfield, 448 S.W. 2d 456 (Tex.Sup.1969), is one in which the host sues the guest. The case before us is one in which two guests sue a third guest. The only serious question before us is whether the Guest Statute has application in the situation before us. We hold that it does not.

Plaintiffs were passengers in an automobile driven by the owner, Rudolph Forward, at the time they left Orange driving toward Houston on IH–10. During the course of the journey, Forward asked defendant to drive for him and they exchanged places. While defendant was driving, the accident made the basis of this suit occurred. Plaintiffs did not plead, prove, or secure findings of gross negligence. The jury findings as to ordinary negligence on the part of defendant are not under attack. So, the narrow question squarely before us is an interpretation of the Guest Statute.

■ We have concluded the pronouncements and logic of the *Satterfield Case,* supra, control the situation before us. First, we are told the Guest Statute should be strictly construed in this statement:

"While Texas follows the rule that statutes in derogation of the common law are not to be strictly construed, it is recognized that if a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview." *Satterfield Case,* supra, 448 S.W. 2d at p. 459.

The wording of the statute does not indicate that its plain meaning was intended to cover the situation in the case before us. The statute protects the operator as well as the owner of the motor vehicle but only as to *his guest without payment*. The plaintiffs in this case began this trip as guests of the owner and operator, Rudolph Forward. The fact that Forward asked defendant to drive the automobile did not alter the relationship between plaintiffs and Forward. They were still his guests. Applying the reasoning in the *Satterfield Case*, supra, only Forward had the right to decide who could ride in the automobile and no host-guest relationship was created between plaintiffs and defendant. Defendant's points of error are overruled.

Affirmed.