

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. John W. Shocklee
Executive Secretary
State Board of Morticians
1513 S. Interstate 35
Austin, Texas    78741

Opinion No. MW-539

Re:  Cost itemization of funeral services and merchandise pursuant to section 3H(23) of article 4582b, V.T.C.S.

Dear Mr. Shocklee:

You have raised two questions concerning section 3H(23) of article 4582b, V.T.C.S.  Section 3H of this statute provides:

> The State Board of Morticians may seek appropriate injunctive relief against a funeral establishment, licensed embalmer, or funeral director who fails to comply with any provision of this Act.  This Act does not affect any remedy or enforcement power under other laws.  The State Board of Morticians may revoke, suspend, or place on probation any licensed funeral director and/or embalmer, or apprentice and may refuse to license or admit persons to examination for any of the following reasons all of which are offenses as provided in Section 6A of this Act:
>
> . . . .
>
> 23.    Failure of any person arranging for funeral services or merchandise to provide each customer <u>a written memorandum itemizing the costs of funeral services and funeral merchandise selected by the customer as enumerated in the price list, the requirements of which are set forth in Section 3, Subsection H(22) of this Act;</u> each amount paid or owed to another on behalf of the customer; each fee for the costs of advancing funds or becoming indebted to another on behalf of the customer; and including the name, address, and telephone number of the funeral establishment and the following notice:  'Charges are only for those items that are used.  If the type of funeral

> selected requires extra items, we will explain the reasons in writing on this memorandum.' <u>Provided, however,</u> that any person arranging for funeral services or merchandise <u>may satisfy the itemization requirements of this Subsection 3H(23) by providing prices to the purchaser on a component or unit pricing basis that provides a discount to the purchaser if any component or unit is declined or if all components or units are selected.</u> The written memorandum shall also include the name, address, and telephone number of the State Board of Morticians and a statement indicating that complaints can be directed to the Board. (Emphasis added).

Your questions concern the subsection 3H(23) proviso. They are:

> 1. Does component or unit pricing exempt a person from the itemization requirement of section 3H(23) of the Mortuary Laws, article 4582b, V.T.C.S.?

> 2. If so, what constitutes component or unit pricing so as to satisfy the itemization requirement of section 3H(23)? More particularly, how does a 'discount' apply to such component or unit pricing?

The words 'component' and 'unit' are not defined in article 4582b. They must therefore be given their ordinary meaning. <u>Satterfield v. Satterfield</u>, 448 S.W.2d 456 (Tex. 1969). Webster's New International Dictionary 231 (2d Ed. 1977) states that "component" is synonymous with "constituent," "ingredient," and "element." It defines "unit" as a "distinct part or member analyzable in an aggregate or whole."

Subsection 3H(23) requires every person who arranges for funeral services or merchandise to furnish each customer a written memorandum that itemizes the cost of each service and item that he purchases, as said cost is "enumerated in the price list, the requirements of which are set forth in section 3, subsection 3H(22) of this Act." This "price list" is a list of the retail prices of available funeral services and merchandise. It must be made available to customers "at the time of discussion or selection of funeral services or merchandise." The intent of subsection 3H(23) is obviously to insure that each customer knows the exact cost of everything that he buys.

Subsection 3H(23) then states, however, that a person may satisfy the itemization requirement by providing "prices to the purchaser on a

component or unit pricing basis that provides a discount to the purchaser if any component or unit is declined or if all components or units are selected." Since, as we noted above, "component" and "unit" essentially mean "individual," we believe it is clear that if a customer buys several items and services, and the customer is given a "package price" which does not contain a cost breakdown, the requirements of the proviso have not been met. But if both the proviso and the main body of subsection 3H(23) require itemized pricing, how do the two differ?

In our opinion, the key words in the subsection 3H(23) requirement are "as enumerated in the price list." As we have noted, each customer must, as a general rule, be informed of the retail price of every item and service that he purchases. The subsection 3H(23) proviso does not eliminate the itemization requirement. On the contrary, we believe that it simply authorizes sellers to list prices of individual items and services that differ from their retail prices because one of the two permissible discounts is offered to the customer and a new price results from the application of that discount. Thus, if a customer purchases several items and/or services, and no discount is offered, the seller would have to list the retail price of each item and service as stated in the retail price list. If, on the other hand, a discount is offered, the seller could satisfy the itemization requirement by listing the discounted price of each item and service. The proviso, in other words, merely insures that the seller cannot be accused of violating subsection 3H(23) if the individual prices that he lists deviate from the retail prices stated in the retail price list, as long as the deviations result from the application of one of the discounts permitted in that subsection.

The legislative history of subsection 3H(23) supports this conclusion. The transcript of testimony on Senate Bill No. 277 which was presented to the Government Organization Committee of the House of Representatives on April 18, 1979, contains this excerpt from the testimony of a witness:

> [T]here are two price lists that you must provide under the suggested bill, 277. In the first place, at the time of selection, when you are first talking to the family, you must tell them that there is available in the funeral home, and at their request, you will present them with the entire price list before they ever start talking about any kind of a contract. And that gives them the right to decline any item on there that they feel would not be necessary for the funeral service.... Then, at the time you are entering into the contractual arrangement with them, you

> must disclose every item which they have selected
> and the price for that individual item, itemized,
> now completely.  Now, we have put in another
> provision in there in the committee substitute....
> [T]he FTC has recommended that <u>because certain
> discounts are very often granted on a unit pricing
> basis</u> that you can use unit pricing if it will
> provide a discount either for the declination of a
> component part or if they want to make a purchase
> of the entire package, you can give them a
> discount on that basis.  And the FTC has
> recommended, and it has been their experience in
> other states where they have had experience with
> itemization, that the unit pricing will very often
> reflect a cheaper price than what the full--<u>the
> unit price will very often reflect a cheaper price
> than the full itemization.</u>  (Emphasis added).

These statements indicate that in enacting the subsection 3H(23) proviso, the legislature did not intend to abolish the cost breakdown requirement, but merely sought to protect sellers who offer discounts which result in a price of an item or service that is less expensive than its normal retail price.

### S U M M A R Y

> Under subsection 3H(23) of article 4582b,
> V.T.C.S., "component or unit pricing" requires
> itemized pricing of each funeral item or service
> purchased by a customer, but allows the seller to
> list a price that differs from the price stated in
> the retail price list if the deviation results
> from the application of either of the discounts
> permitted by that subsection.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Shawn Jamail
Jim Moellinger
Bruce Youngblood