David O'HAVER, et al., Appellants

v.

CITY OF LUBBOCK, Appellee.

No. 07–90–0072–CV.

Court of Appeals of Texas, Amarillo.

Sept. 18, 1991.

Rehearing Overruled Oct. 16, 1991.

Garza & Walters Law Office, Tomas Garza, Denette Vaughn, Lubbock, for appellants.

Clark, West, Keller, Butler & Ellis, Jerry D. Mason and Allen Butler, Dallas, City Attys. Office, John C. Ross, Jr. and Dennis W. McGill, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

David O'Haver, Jose Navarez, Sam Brackeen, Wesley Shields, Larry Adair, Edward Hernandez, Ronnie Overby, Charles Smith, Terry Fahrlender, Robert Garcia, Bill Carter, Vernon Conner, Ernie Rendelman, Dave Tillery, Rick Offutt, Rey Martinez, Teddy Daniels and Doug Dertain appeal the trial court's take-nothing summary judgment rendered on their cause of action against the City of Lubbock for alleged base salary due them under section 143.-041(b) of the Texas Local Government Code. Affirmed.

In pertinent part, section 143.041(b) provides that "all fire fighters or police officers in the same classification are enti-tled to the same base salary." The statute requires equalization of the base salary of police officers in the same classification (i.e., rank). In this instance, the appellants' base salaries are the same as other police officers in the same classification. Appellants claim otherwise, however, because certain officers assigned to the patrol division (i.e., in their same classification) are allowed to use city-owned police patrol vehicles during off-duty hours. The appellants contend the value of the use of the vehicles is part of the base salary of the police officers who are allowed to use the patrol vehicles during off-duty hours. We disagree.

The record shows that the City's established policy allows certain police officers assigned to the patrol division to use city-owned vehicles during the officers' off-duty hours. The use of these vehicles is restricted to the city limits of Lubbock. The City's stated purpose of this policy is to increase police visibility on streets and in neighborhoods, thereby reducing and deterring crime within the city.

The phrase "base salary" is not defined in the statute. In construing a statute, where the legislature has not defined a term, the term's ordinary meaning will be applied. *Hopkins v. Spring Independent School Dist.*, 736 S.W.2d 617, 619 (Tex.1987); *Satterfield v. Satterfield*, 448 S.W.2d 456 (Tex.1969). In general, base salary, base pay and base wages are synonymous terms.[1] Base pay's ordinary meaning is a "rate or amount of pay for a standard work period, job or position, *exclusive* of additional payments, bonus, or allowances."[2] (Emphasis added.) Base pay is also defined as "the basic rate of pay for a particular job *exclusive* of overtime pay, bonuses, etc."[3] (Emphasis added.) Thus, the use of patrol vehicles during off-duty hours does not fall within the ordinary meaning of base salary.

---

1. *Webster's Third New International Dictionary Unabridged*, (1976), s.v. "base pay."

2. *Webster's Ninth New Collegiate Dictionary*, (1990), s.v. "base pay."

3. *Webster's New World Dictionary*, (1980), s.v. "base pay."

To support their position, appellants rely on *Mokwa v. City of Houston*, 741 S.W.2d 142 (Tex.App.—Houston [1st Dist.] 1987, writ denied). The court's determination in *Mokwa* is neither controlling nor persuasive in this instance. In *Mokwa*, police officers in the plaintiff's job classification were furnished a car to use on the job, or a salary of $350 per month in lieu of a car. In *Mokwa*, the court determined, among other things, that the evidence was legally and factually sufficient to support the trial court's finding that the use of a car was part of the remuneration for the job classification, that the plaintiff had worked 166 days without the use of a city-furnished vehicle, and that the fair and reasonable value of the use of a city vehicle in and around Harris County was $16.15 per day. In *Mokwa*, the appellate court was not called upon to determine, and did not determine, that the use of the vehicle was a part of the plaintiff's base salary.

■ "Base salary" is not synonymous with "remuneration" or "compensation." A police officer's compensation (i.e., remuneration) includes such items as base salary, plus overtime pay, longevity or seniority pay, education incentive pay, assignment pay and certification pay. Section 143.-041(b) and (c), Texas Local Government Code. The ordinary meaning of base salary excludes overtime pay, assignment pay, certification pay and other additional payments of compensation such as bonuses and allowances (e.g., car allowances). Consequently, we conclude that the use of a vehicle by an off-duty police officer assigned to the patrol division is not a part of that officer's base salary under the ordinary meaning of the term.

The appellants' sole point of error is overruled. The trial court's judgment is affirmed.