Mary Shonka, appellee, v. Roger E. Campbell, appellee.

Roger E. Campbell, appellee, v. Leola Belle Rice, appellant.

No. 52563.

(Reported in 152 N.W.2d 242)

July 11, 1967.

Bastian, Beisser & Carlson, of Fort Dodge, for appellant.

Johnson, Burnquist & McCormick, of Fort Dodge, for appellee Mary Shonka.

Kersten & Opheim, of Fort Dodge, for appellee Roger E. Campbell.

Rawlings, J.—By law action plaintiff, Mary Shonka, guest in an automobile owned and operated by host-driver, Leola Belle Rice, sought damages from defendant, Roger E. Campbell, owner and operator of another automobile, as a result of a collision of the two vehicles. Defendant Campbell cross-petitioned against host-driver Rice, as concurrent tort-feasor, for contribution. A counterclaim against Campbell was filed by Rice for damages to her car.

Trial to jury resulted in verdict for plaintiff Shonka against defendant Campbell and he in turn was allowed recovery over against cross-defendant Rice for all in excess of half the amount paid by him to Shonka.

From judgment on verdict adverse to Rice on Campbell's cross-petition she alone appeals. We reverse.

About 3 p.m., February 27, 1964, host-driver Rice left her place of employment to go home. Plaintiff was riding with her in the right front seat. They were traveling in an easterly direction across the Karl King Bridge in Fort Dodge. This span

is a four-lane highway with a divider and two marked lanes for eastbound traffic.

Host-driver Rice began a gradual turn from the right to left lane of travel, with dispute as to whether a left-turn signal was given. She was about halfway into the left lane when the rear of her car was struck by the following same direction vehicle owned and operated by defendant Roger E. Campbell. He had just finished drag racing and immediately prior to the collision was traveling 55 miles per hour in a 35-mile-an-hour zone.

Plaintiff was severely injured and brought action at law against defendant Campbell. He in turn cross-petitioned against host-driver Rice.

At close of all the evidence Rice, defendant to cross-petition, moved for a directed verdict on Campbell's action because of the host-guest relationship existing between her and Shonka. The trial court overruled this motion and submitted the actions to a jury.

Following the verdicts host-driver Rice moved for judgment notwithstanding the verdict on Campbell's cross-petition. This motion was overruled.

For purpose of our review it is conceded: (1) Plaintiff Shonka was a guest in the Rice car, and (2) the host-driver was neither under the influence of intoxicating liquors nor operating her automobile recklessly.

I. We have held where there is no claim or showing of an intentional wrong, or moral turpitude, or any concerted action by alleged tort-feasors, there is at least a right of equitable contribution between them. Best v. Yerkes, 247 Iowa 800, 805–810, 77 N.W.2d 23, 60 A. L. R.2d 1354. See also Blunt v. Brown, 225 F. Supp. 326, 328.

But since Rice and Shonka occupied a host-guest relationship our task is to determine whether the Iowa guest statute affords a negligent host-driver immunity from liability for contribution to a third party tort-feasor.

Section 321.494, Code of Iowa, provides: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused

as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

■ Under this statutory enactment the liability of an automobile operator to a person riding in the car as a guest is limited to damage caused by reason of the host-driver's intoxication or recklessness. Marean v. Petersen, 259 Iowa 557, 144 N.W.2d 906, 912.

Were it not for the foregoing statute a negligent host-driver might, in this jurisdiction, be liable for contribution as a concurrent tort-feasor for injuries caused a guest occupant. See Garrity v. Mangan, 232 Iowa 1188, 1191, 6 N.W.2d 292.

The question presented has been previously considered by several courts. See Troutman v. Modlin (8 Cir.), 353 F.2d 382, 385-387; Cox v. Maddux, 255 F.Supp. 517, 526; Blunt v. Brown, 225 F.Supp. 326, 329; Fields v. Synthetic Ropes, Inc., Del. Super. 211 A.2d 617, 620-622; Lutz v. Boltz, 48 Del. 197, 100 A.2d 647, 648; Downing v. Dillard, 55 N. M. 267, 232 P.2d 140, 141; Burmeister v. Youngstrom, 81 S. D. 578, 139 N.W.2d 226, 230, 231; Mitchell v. Gooch, Tex. Civ. App., 210 S.W.2d 834, 838; and Patterson v. Tomlinson, Tex. Civ. App., 118 S.W.2d 645, 646, 647.

Without exception the courts in these cases held a host may effectively invoke the state guest statute when sued for contribution, being subject to liability only in event the host is, under the law, liable to the guest.

■ II. The foregoing view is premised upon a commonly accepted theory that the right to contribution among concurrent tort-feasors is dependent upon *common liability* to an injured party.

Dealing with that subject in Iowa Power and Light Co. v. Abild Construction Co., 259 Iowa 314, 322, 144 N.W.2d 303, 308, a majority of this court said: "Contribution is based on concurrent negligence of the parties toward the injured party and requires common liability." See also Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 833-835, 107 N.W.2d 682; Farmers Mut. Auto Ins. Co. v. Milwaukee Auto. Ins. Co., 8 Wis.2d 512, 99 N.W.2d 746, 748-750; 18 C. J. S., Contribution, section 3, page

4; and 18 Am. Jur.2d, Contribution, section 47, page 66. But see dissent, Iowa Power and Light Co. v. Abild Construction Co., supra, loc. cit. 338 of 259 Iowa, 144 N.W.2d 317.

■ This common liability may be joint or several, but under our prior holdings in order that a right of contribution exist, the injured party must have a legally recognized remedy against both the party seeking contribution and the party from whom contribution is sought.

III. The trial court and cross-petitioner Campbell lean heavily on Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 118 N.W.2d 559, in support of the view that Campbell's action against Rice for contribution may stand.

Blackford is neither in point nor is it here persuasive. In that case this court dealt with the terms of a contract between an employer and a third party, the obligation on which suit was brought being for an indemnity arising out of contract. In this connection see also Blunt v. Brown, 225 F. Supp. 326, 330, and American District Telegraph Co. v. Kittleson, 179 F.2d 946, 951, 952.

■ IV. Finally on this point, subjection of Rice, the host, to liability by way of contribution for nothing more than negligence would by indirection compel her to pay Shonka, the guest, in contravention of our guest statute which precludes recovery from the host-driver under such circumstances. See Code section 321.494, and Marean v. Petersen, 259 Iowa 557, 144 N.W.2d 906, 911, 912.

In keeping with the majority view expressed in prior decisions of this court, we hold a host-driver, not directly liable to a guest, may effectively invoke section 321.494 as a defense to an action for contribution by a third party tort-feasor.

With this issue determined favorably to Rice, sole appellant, there is no need to pursue the other errors urged by her.

■ V. The trial court erred in not granting the motion by cross-defendant Leola Belle Rice for judgment notwithstanding the verdict against her on cross-petition of defendant Roger E. Campbell.

This case must be accordingly reversed and remanded for

entry of judgment notwithstanding the verdict on motion of Leola Belle Rice, defendant to cross-petition.

Reversed and remanded for further proceedings consistent with this opinion.

All JUSTICES concur except MASON and BECKER, JJ., who dissent.

MASON, J.—I dissent. The trial court's ruling involves a determination whether a tort-feasor may recover contribution from another who is himself not liable to the injured person, but whose negligence concurred in producing an injury.

A tort-feasor may escape liability to the injured plaintiff if he enjoys a special defense. For example, he may be: (1) plaintiff's spouse and thus have the defense of interspousal immunity, (2) so related to plaintiff to have available the family immunity doctrine resulting from filial or other family relationship, (3) plaintiff's employer with responsibility for only limited liability under workmen's compensation statutes or (4) plaintiff's host-driver of an automobile involved in collision with another vehicle and be protected by the guest statutes from the guest's claim for damages resulting from ordinary negligence.

A determination of the question involved in this ruling makes necessary a decision whether the immunity from suit by the injured plaintiff, for damages resulting from the potential contributor's negligent conduct, extends to an action for contribution brought by another tort-feasor who has been compelled to pay damages to the injured plaintiff.

As limited to the facts before the trial court the sole question presented is, where a guest is injured in an automobile collision between the car of her host and that of the third party, each of whose ordinary negligence is a proximate cause of the injury to the guest, may the third party recover contribution of one half of the damages caused by their joint or concurring ordinary negligence.

The trial court held immunity should not be so extended. I agree.

As stated by the majority in the absence of statute a guest would have a right to recover under the common-law liability of

the driver for negligent acts causing damages to the guest. Garrity v. Mangan, 232 Iowa 1188, 1191, 6 N.W.2d 292, 294. Our guest statute, section 321.494, Code, 1966, limits the liability of an automobile operator to a person riding in the car as a guest to damages caused by reason of the host-driver's intoxication or recklessness. Marean v. Petersen, 259 Iowa 557, 144 N.W.2d 906, 912, also cited by the majority.

Generally cases construing guest statutes have held that its purpose was to exempt the host from liability to the guest for injury caused by ordinary negligence in the operation of the automobile. Patterson v. Tomlinson, Tex. Civ. App., 118 S.W.2d 645, 646.

Before deciding whether immunity from suit by reason of a personal defense should be extended to an action for contribution, we should analyze the purpose sought to be accomplished by enactment of the statute granting it or the decisions declaring such doctrine.

Directing attention particularly to the guest statute, it has been said:

"Such statutes were enacted for two major purposes: (1) to alleviate the claimed injustice resulting from holding an automobile owner or operator liable for injuries to one riding simply as a guest, where the injury resulted from mere failure to exercise ordinary care; and (2) to avoid collusive suits between friends or relatives, where the driver admits fault in order to force his insurer to bear the loss resulting from the accident." 45 Iowa Law Review 171, a case comment on Ritter v. Dexter, 250 Iowa 830, 95 N.W.2d 280.

When the primary policy is the prevention of collusive claims, the defense should not be permitted in a contribution suit. This is because the claim of the guest has already been established and the only issue which remains is the equitable distribution of the burden of that claim.

In Powers v. Hatcher, 257 Iowa 833, 836–837, 135 N.W.2d 114, 116, we said:

"Section 321.494 provides protection to the owner or operator of a motor vehicle from claims for damages based on ordinary negligence *brought by 'any passenger or person riding in*

*said motor vehicle as a guest or by invitation and not for hire.'*
Its purpose was to protect the 'Good Samaritan' [citing cases]."
(Emphasis supplied.)

As interpreted in that case the statute was enacted to protect the host in actions brought by the guest-passenger. The action for contribution does not contemplate an action by the guest against the host-driver based on ordinary negligence.

I believe we should adopt the logic which led the Rhode Island court while considering the special defense of interspousal immunity to say:

"The considerations of public policy upon which the doctrine of interspousal immunity is predicated do not apply to actions for contribution under the act since such actions do not contemplate an action by a wife against her husband." Zarrella v. Miller, R. I., 217 A.2d 673, 675. Nor does the public policy motivating enactment of section 321.494 to protect the host-driver from claims of a guest for ordinary negligence apply to actions for contribution. The theory granting right of contribution as between joint tort-feasors is that contribution is not recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done. Puller v. Puller, 380 Pa. 219, 110 A.2d 175, 177.

Leola Belle Rice is not a party to the action of her guest against defendant Roger E. Campbell. The instant case is not a single action but two separate causes of action procedurally combined or joined as permitted by rule 33(b), Rules of Civil Procedure. The third-party claim need not be based upon the same theory as the main claim. Bedell v. Reagan, 159 Maine 292, 192 A.2d 24, 26.

The host's immunity from suit under the guest statute should not be confused with his culpability for the wrong.

At the time of the enactment of the guest statute contribution was unknown to the law in Iowa. It was not until Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23, 60 A. L. R.2d 1354, that we held for the first time, on the basis of simple fairness and equity, that there is a right of equitable contribution between joint tort-feasors where there is no intentional wrong, moral turpitude or concert of action.

If the purpose of contribution is to make the wrongdoers share the financial burden of their wrong, then the primary element of contribution should be the participation of the wrong-doers in acts or omissions which are considered tortious and which result in injury to a third person. The fact that one of the tort-feasors has a personal defense if he were to be sued by the injured party would seem to be irrelevant. Harper and James, The Law of Torts, section 10.2, page 718, cited in Bedell v. Reagan, supra, 192 A.2d, at 27.

The statute makes no reference to providing any protection in actions brought by third parties who have been compelled to pay the entire judgment for damages concurrently caused by the host's negligence. Nor do I see any language in the guest statute which compels a holding that it was intended in any way to limit or take away the rights of third persons. An intention of the legislature in enacting a statute for the regulation of rights between host and guest, to destroy the rights of third parties should be at the very best clearly expressed. There is no such expression here.

Since the legislature obviously considered the immunity thus granted was sufficient to protect the owner and operator from fraudulent claims by the guest I think it is improper for this court to extend that immunity further to cases where one tort-feasor is seeking contribution from a potential contributor whose negligence has concurred in producing the injury. The purpose of the guest statute does not require extension under the circumstances here.

Occasionally plaintiff rode to and from work with Mrs. Rice, at times Mrs. Rice would ride with plaintiff. This arrangement would hardly qualify Mrs. Rice as a "Good Samaritan" as was the defendant in Nesci v. Willey, 247 Iowa 621, 75 N.W.2d 257.

"Policies necessarily conflict whenever contribution is sought from a defendant who is immune to direct action by the injured party, and anomalous results often follow. If contribution is allowed, the injured plaintiff will recover one half his damages from a defendant against whom he could not have recovered at all had that defendant been the only one at fault. On

the other hand, if contribution is denied, the first defendant must bear the entire burden of the loss despite the policy which led to the adoption of the rule of contribution." 52 Cornell Law Quarterly, page 408. A note on Contribution Among Joint Tortfeasors When One Tortfeasor Enjoys A Special Defense Against Action By The Injured Party.

We are not permitting the injured party to do indirectly that which the statute prevents her from doing directly; that is, recover against her host for ordinary negligence. She has already made her recovery directly from the third party who is now seeking contribution from one whose negligence concurred with his in producing the injury. We are permitting a tortfeasor, by separate action, to seek a sharing of the financial burden.

In Iowa Power and Light Co. v. Abild Construction Co., 259 Iowa 314, 321, 144 N.W.2d 303, 307, in speaking of interspousal immunity we said:

"While the analogy between this special defense and that of a compensable injury under the Workmen's Compensation Laws is appropriate, the rationale back of the two special defenses is entirely different."

Although there may be a difference between the rationale back of the special defense under Workmen's Compensation Laws and that under interspousal immunity, I believe there is an analogy between the reasons for the immunity resulting from family relationships and that which I would grant in actions for contribution under the guest statute. In support see Zarrella v. Miller, supra.

As to the contention that there must be a common liability to the injured person before there can be contribution, I would adopt here what was said in the dissent in Iowa Power and Light Co. v. Abild Construction Co., supra, with reference to the concept of common liability and common culpability or fault without repeating and apply it to the instant case.

"* * * Any right to common law contribution is of rather recent origin in the United States and it is proper for the courts to prescribe the terms under which it may be exercised. '* * * It is the same system of jurisprudence which gives the right of

contribution which prescribes the terms on which the remedy is available.' Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 835, 107 N.W.2d 682, 685." Iowa Power and Light Co. v. Abild Construction Co., supra, 144 N.W.2d, at 308 and 311.

I would affirm the trial court.