567 P.2d 1281

**BROCKMAN MOBILE HOME SALES, also known as Brockman's Auto & Trailer Sales, and Lonnie R. Cotton, Plaintiffs-Respondents,**

v.

**Darwin LEE, Defendant-Appellant.**

**No. 12126.**

Supreme Court of Idaho.

Aug. 25, 1977.

Craig Marcus of Marcus & Marcus, Boise, for defendant-appellant.

John P. Howard of Quane, Smith, Howard & Hull, Boise, for plaintiffs-respondents.

McFADDEN, Chief Justice.

On June 24, 1972, Margit Cecil (Cecil) was a passenger in a car being driven by Darwin Lee (Lee). They collided with a vehicle

owned by respondent Brockman and driven by respondent Cotton. On May 8, 1973, Cecil and Lee filed suit against Brockman and Cotton seeking damages for personal injuries and for damages to Lee's automobile. Prior to trial, on November 9, 1973, Brockman and Cotton settled with Cecil on her claim for personal injuries in the amount of $2,100 and obtained a release of her claims against Brockman and Cotton. Lee was also released of any liability to Cecil by this document although he did not take part in the negotiation of the amount of the settlement, paid no consideration for his own release and did not sign it. On October 23, 1973, the case of *Lee v. Brockman and Cotton,* involving in general the claim for damages to Lee's automobile, was tried. Cotton was found to have been 75% negligent in causing the accident, which negligence was imputed to Brockman, and Lee was found to have been 25% negligent. Lee recovered 75% of $1,572 from Brockman (Cotton was never served in this action).

Thereafter, on May 10, 1974, Brockman and Cotton (hereinafter Brockman) commenced the present action against Lee in magistrate court, seeking contribution of 25% of the $2,100 paid to Cecil in settlement, or $525. This claim was made pursuant to I.C. § 6–803, which states:

"Contribution among joint tortfeasors—Declaration of right—Exception—Effect of comparative negligence.—(1) The right of contribution exists among joint tortfeasors, but a joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

(2) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

(3) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, each remaining severally liable to the injured person for the whole injury as at common law.

(4) As used herein, 'joint tortfeasor' means one (1) of two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."

On June 28, 1974, Brockman moved for summary judgment pursuant to I.R.C.P. 56. In ruling on the motion, the magistrate court first concluded that the 75%/25% determination in the previous action between Lee and Brockman of their relative degrees of negligence was *res judicata* in the suit for contribution and was binding on the parties herein. The court then set forth four elements which must be pleaded and proved by the joint tortfeasor seeking contribution where he has unilaterally entered into a settlement with the injured party. These are:

(1) His own negligence;

(2) Negligence of the joint tortfeasor;

(3) That the settlement made by the paying wrongdoer was fair and reasonable; and

(4) That the liability was a common liability.

Heft and Heft, Comparative Negligence Manual, Section 1.330, 1971.

The court then, on October 24, 1974, denied Brockman's motion because there was no showing by Brockman that the settlement was fair and reasonable.

Brockman filed a second motion for summary judgment on November 26, 1974. This motion was denied on grounds that Lee did not share a common liability with Brockman for Cecil's injuries. The magistrate court concluded that the decision of this court in *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974), which held Idaho's guest statute unconstitutional and which was to be applied to all pending and future

actions, did not affect the present case because the original negligence action between Lee and Brockman was completed and judgment rendered prior to the *Thompson* decision. Under this state's guest statute, I.C. § 49–1401, Lee would be liable to Cecil only if he were shown to have acted intentionally or with gross negligence, or while intoxicated.[1] The Magistrate's court determined that since Lee had been found to have been 25% negligent in causing his own injuries, and not grossly negligent, he, as host-driver, could not be held liable to his passenger, Cecil, and did not, therefore, share a common liability for her injuries.

Thereafter, Lee moved for summary judgment which was granted and entered by the magistrate court. Brockman then perfected an appeal to the district court.

On appeal to the district court, Brockman contended that *Thompson* is applicable to the instant case because the suit for contribution, as opposed to the negligence suit, was initiated prior to and not yet completed as of the date of the *Thompson* decision (June 26, 1974) and was thus a "pending action" within the context of *Thompson*. The district court agreed, reversing the decision of the magistrate court and remanding the case for a determination of the reasonableness of the settlement. We disagree.

 A joint tortfeasor who enters into a settlement with the injured person is entitled to recover contribution from another joint tortfeasor whose liability to the injured person is extinguished by the settlement. I.C. § 6–803(2). In *Holve v. Draper*, 95 Idaho 193, 505 P.2d 1265 (1973), this court held that neither a covenant not to sue nor a release can operate to discharge the joint tortfeasors from liability, thus allowing contribution to be recovered, unless the agreement contains specific language to that effect.

█ In the instant case, the release signed by Cecil specifically released Lee from liability for her injuries. Since Brockman has discharged the alleged common liability to Cecil by way of settlement, and has obtained a release of Lee's alleged liability, he is entitled to proceed under I.C. § 6–803 for contribution from Lee.

Brockman, however, may not recover from Lee unless he establishes that Lee shares a common liability for Cecil's injuries. I.C. § 6–803(4); Heft and Heft, *supra*; *Holve v. Draper, supra*; *Allied Mut. Cas. Co. v. Long*, 252 Iowa 829, 107 N.W.2d 682 (1961); *Zelinger v. State Sand and Gravel*, 38 Wis.2d 98, 156 N.W.2d 466 (1968); *Beal v. Southern Union Gas Co.*, 62 N.M. 38, 304 P.2d 566 (1956). Lee was the host-driver of the car in which Cecil was a passenger at the time of the accident. Under Idaho's guest statute, Lee would not be liable for Cecil's injuries unless it is shown that he acted with gross negligence. Thus, if the guest statute is applicable, Brockman cannot hold Lee for contribution unless he proves that Lee acted with gross negligence. *O'Mara v. H. P. Hood & Sons, Inc.*, 268 N.E.2d 685 (Mass.1971); *Heath v. Zellmer*, 35 Wis.2d 578, 151 N.W.2d 664 (1967, *citing Indiana law*); *Shonka v. Campbell*, 260 Iowa 1178, 152 N.W.2d 242 (1967). However, in *Thompson* the Idaho guest statute was declared to be unconstitutional. There, this court addressed the applicability of that decision and concluded that the *Thompson* decision was to apply to all "similar pending actions" at that date and to all actions "arising in the future."

Respondent contends that since the plaintiff in a suit for contribution must establish that his alleged joint tortfeasor is also liable to the injured person, the question of Lee's liability to Cecil as a host-driver under the guest statute was a pending issue at the time of this court's decision in *Thompson*, and that the *Thompson* decision was, therefore, intended to apply in this situation. We disagree.

1. "49–1401. Liability of motor owner to guest. —No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or gross negligence."

This present action for contribution is not a "similar pending action" within the context of *Thompson.* The petitioners in *Thompson* sought a writ of mandate directing the district court to apply Idaho's guest statute in a negligence action brought by a passenger against his host-driver. No such action, i. e., no negligence action against Lee by Cecil, has been brought here and the *Thompson* decision is not applicable. This is an action for contribution based on I.C. § 6–803 and for purposes of this action the guest statute remains in effect.

In order to establish Lee's common liability for Cecil's injuries, Brockman must show that Lee acted with gross negligence, or intentionally, or while intoxicated. No such showing was made below.

The judgment of the district court is therefore reversed and the case remanded with directions to affirm the magistrate's entry of summary judgment in favor of defendants. Costs to appellant.

DONALDSON, SHEPARD, BAKES and BISTLINE, JJ., concur.