David E. THOMPSON and Marty R. Thompson, Plaintiffs,

v.

STEARNS CHEMICAL CORPORATION, Defendant.

STEARNS CHEMICAL CORPORATION, Third-Party Plaintiff,

v.

OSCAR MAYER & COMPANY, Third-Party Defendant.

No. 83–918.

Supreme Court of Iowa.

Feb. 15, 1984.

Richard J. Sapp, Gary D. Stump and Jerry E. Williams of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for third-party plaintiff.

David H. Luginbill and Richard G. Santi of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for third-party defendant.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

SCHULTZ, Justice.

The ripple effect from our recent adoption of comparative negligence[1] presents us with the question of whether a manufacturer has a right of contribution from an employer for damages sustained by an injured employee through the joint fault of a manufacturer and the employer. Although we previously approved an action for indemnity by a third party tortfeasor against an employer for damages suffered by an injured employee, we denied similar claims if they were based on contribution. *Iowa Power and Light Co. v. Abild Construction Co.*, 259 Iowa 314, 144 N.W.2d 303 (1966). In particular, we reasoned that since common liability forms the basis for recovery in a claim for equitable contribution between joint tortfeasors and the employer's liability by virtue of the Iowa Workers' Compensation Act is statutorily limited and not dependent on negligence, no common liability exists between an employer and a third party tortfeasor allowing contribution. *Id.* 259 at 319, 144 N.W.2d at 306. We decline to abandon our holding in *Abild*.

On June 27, 1980, David E. Thompson, his wife and his children, by their next friend, commenced an action for damages against Stearns Chemical Corporation (Stearns) on theories of negligence, strict liability and breach of warranty. The action, originally filed in the Iowa District Court for Dallas County, was removed after a motion by Stearns, a Wisconsin corporation, to the United States District Court, Southern District of Iowa, Central Division, on the basis of diversity jurisdiction. Stearns filed a third-party complaint against Thompson's employer, Oscar E. Mayer Company (Oscar Mayer), also a Wisconsin corporation. This multicount complaint requested contribution in the first two counts and sought indemnity in count three.

In September 1982, the federal district court dismissed the two counts grounded on contribution, leaving only the indemnity claim against Oscar Mayer. Earlier, Stearns had settled with the Thompsons who then dismissed their action. This settlement, however, did not affect the pending third-party complaint against Oscar Mayer. After our ruling in *Goetzman*, Stearns moved the court to reconsider its dismissal of the contribution claims or, in the alternative, to certify questions to this court. Oscar Mayer resisted the motion for reconsideration, but did not object to Stearns' request for certification. Pursuant to Iowa Code chapter 684A (1983), and Iowa Rules of Appellate Procedure 451–461, the district court certified two questions of law and provided us with a statement of fact.

---

1. *Goetzman v. Wichern*, 327 N.W.2d 742, 752–54 (Iowa 1982).

David E. Thompson was injured on March 29, 1980, while attempting to unplug a drain at the Oscar Mayer plant in Perry, Iowa, with a substance known as "Experimental Cleaner 3013." When Thompson poured the cleaner into the drain, there was a reaction, and the product backed up and "exploded" in his face seriously injuring him. These injuries occurred in the course of his employment with Oscar Mayer. Although the chemical cleaner was prepared and packaged by Stearns and technically sold to Oscar Mayer, Mayer developed and formulated the substance and gave express contractual instructions on product content, labeling, and packaging. Oscar Mayer had its own research personnel and laboratory facilities and has long been involved in the development of chemical cleaners for use in its plants. Stearns is in the business of mixing and selling chemical products. The formula for this cleaner belonged solely to Oscar Mayer, and Stearns cannot and does not sell the product to any other person or entity.

The certified questions arise from Stearns' third-party complaint. In count one, Stearns alleged that if plaintiff's injuries were due to negligence, a proximate cause of the injuries was Oscar Mayer's negligence and that Stearns was entitled to contribution from Mayer for a prorated share in the event judgment was rendered in Thompson's favor. In count two, the same claim was made; but there, Stearns alleged that Oscar Mayer had a right of subrogation for its workers' compensation payments and requested that contribution be granted against Mayer to the extent of benefits paid Thompson pursuant to the Iowa Workers' Compensation Act. The U.S. District Court certified the following questions:

(1) After adoption of comparative negligence, does Iowa law permit consideration of comparative fault of the injured employee's employer so as to allow a third-party manufacturer or seller who is sued by an injured employee under theories of negligence and strict products liability, for an injury covered by the Iowa Workers' Compensation Act, to seek contribution from the injured employee's employer where that employer is alleged to have designed and formulated the product and provided all specifications for packaging, labeling and warnings for the product?

(2) If such contribution is allowed under Iowa law, is the amount of the contribution claim limited to the extent of the employer's workers' compensation lien?

Stearns' request for certification and the arguments advanced in this court are premised on our recent adoption of comparative negligence. While denying any relevancy between our decisions in *Abild* and *Goetzman,* Oscar Mayer suggests we fully address and answer the issue of contribution between an employer and third party tortfeasor. Consequently, we will not limit our discussion to the effect of the comparative negligence doctrine on our no-contribution rule.

Basically, Stearns misperceives the effect of comparative negligence. The adoption of comparative negligence does not constitute legitimate reason to overturn the rule announced in *Abild* denying contribution against an employer who is liable under the Workers' Compensation Act. In particular, the adoption of comparative negligence was limited to those cases "in which contributory negligence has previously been a complete defense...." *Goetzman,* 327 N.W.2d at 754. Although we reserved various collateral issues for future cases so the salient facts could be fully developed and the issues thoroughly briefed, our contribution rule no more turns on the doctrine of comparative negligence than it did on the displaced doctrine of contributory negligence.

Nevertheless, Stearns elaborately has pieced together its own perception of the changes wrought by comparative negligence and argues that these changes logically should result in an abandonment of the *Abild* rule. Specifically, it argues that most states adopting comparative negligence have extended its principles in some form to strict liability actions and this, in

turn, provides the impetus for allowing third-party contribution claims by manufacturers against an employer. We do not agree.

▮ We conclude that the adoption of comparative negligence is of little aid to Stearns. The issue of whether we should extend the comparative negligence doctrine to strict liability cases is not before us; thus we do not address this question. Any impact on strict liability by comparative negligence would have minimal effect on a denial of contribution based on the lack of common liability between a third party and an employer. A manufacturer's liability, whether premised on grounds of negligence, strict liability or implied warranty, is still established by showing a breach of legal duty. Adoption of comparative negligence principles, while possibly mitigating the defense available to a tortfeasor, does not change that legal duty. On the other hand, an employer's liability to an employee is not dependent on a breach of legal duty, but is governed exclusively by statute under our Workers' Compensation Act. *Jansen v. Harmon*, 164 N.W.2d 323, 326–27 (Iowa 1969). The real issue is whether we wish to cast out or redefine our rule conditioning contribution on the common liability of joint tortfeasors.

Stearns argues strenuously that we should abandon *Abild*. It notes that under *Abild* a third party bears full liability for injuries suffered by an employee, even when the employer shares in the causation of the injuries. It further points out that the underpinning of the *Goetzman* decision is clearly one of "fairness" and quotes our statement that "the main reason for changing the doctrine of contributory negligence as a complete bar to recovery to one of comparative negligence is fairness...." *Goetzman*, 327 N.W.2d at 754. Stearns argues that it is only logical and fair that the employer should shoulder its own fair share of the responsibility for injuries jointly caused to an employee. Moreover, Stearns insists joint responsibility is particularly appropriate here since the employer formulated the product and provided the

specifications for packaging, labeling and warnings and will recoup all compensation benefits it pays by reason of its lien under Iowa Code section 85.22. Given the inherent unfairness in denying contribution from a negligent employer, Stearns concludes that the underlying fairness of the *Goetzman* decision does provide a basis for overturning the *Abild* rule.

▮ When we reconsider common law principles in the exercise of our duty to develop and announce the common law, we weigh the basic fairness of an existing doctrine in determining whether judicial changes are in order. We reviewed our authority and responsibility to change the common law in *Goetzman*, 327 N.W.2d at 751–52. Less than eighteen years ago, this court carefully considered the issue now before us and weighed the equities of both third parties and employers in cases of joint negligence. As we stated in *Abild*, "[T]here are arguments for both rules which, when considered alone, sound irresistible." 259 Iowa at 320, 144 N.W.2d at 306. There we recognized the inequities and unfairness to third parties that Stearns is complaining about now. Nevertheless, after careful evaluation, we adopted a rule that an overwhelming majority of jurisdictions follow requiring common liability before contribution. *Id.* at 322, 144 N.W.2d at 308. We did preserve a third party action against the employer for indemnity based on: (1) express contract; (2) vicarious liability; and (3) breach of an independent duty running from the employer to the third party. *Id.* at 322–23, 144 N.W.2d at 308–09. We believe Stearns' arguments that Oscar Mayer's dominant role in the formulation and specifications of the injurious product dictates joint responsibility is better addressed in a claim for indemnification than one for contribution.

This leaves remaining Stearns' claim that several jurisdictions have either rejected or abandoned the common liability theory and are allowing contribution from a negligent employer. *See e.g., Skinner v. Reed-Prentice Division*, 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437, *cert. denied*, 436 U.S. 946,

98 S.Ct. 2849, 56 L.Ed.2d 787 (1977) (based on public policy considerations a manufacturer liable under strict liability may recover contributions from an employer for employee's injuries in proportion to employer's fault when it misused the product or assumed risk of contributing to the cause of employee's injuries despite the fact that the employee's action against employer is barred); *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977) (abandoned no-contribution rule where manufacturer sought contribution from injured plaintiff's employer on grounds of employer's negligence despite workers' compensation coverage and no common liability in tort on the basis of fairness of the remedy to accomplish fair allocation among parties; however, limited employer's share to statutory compensation benefits); *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382 (1972) (allows third-party indemnification from employer apportioned to each party's share of the fault with indemnification rights akin to contribution as it is asserted by the third party on its own right to recover for breach of independent duty of the employer to not negligently injure the employee); *Witt v. Jackson,* 57 Cal.2d 57, 366 P.2d 641, 17 Cal.Rptr. 369 (1961) (adopted the North Carolina approach announced in *Hunsucker v. High Point Vending and Share Co.,* 237 N.C. 559, 75 S.E.2d 768 (1953) and held in a suit based on negligence by an employee against third party that the employer, whose negligence also contributed to the injury, cannot recover compensation benefits paid to the employee as it is contrary to public policy to profit by its own wrong; the employee's recovery is reduced by the benefits). *Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959) (a third party tortfeasor has a right of contribution from a negligent employer but only to the extent of its obligation under the workmen's compensation statute).

Conversely, we note that a number of jurisdictions have faced this identical issue, subsequent to their adoption of comparative negligence, and continue to apply the common liability rule or hold that the exclusive provisions of the State Workers' Compensation Act prohibit such contribution. *See, e.g., Heckart v. Viking Exploration, Inc.,* 673 F.2d 309, 314 (C.A. 10, 1982) ("Because under Wyoming's Worker's Compensation Act the employer was never jointly or severally liable in tort for its employee's injury, we think Wyoming would not recognize a third party's right to contribution from the employer for the employee's injury."); *Greer v. Intercole Automation, Inc.,* 553 F.Supp. 275, 276 (D.C.Colo.1982) (even if Workmen's Compensation Act did not show an intent to bind strangers to the employment relationship, "the requisite of joint or 'common' liability remains unsatisfied"); *W.M. Bashlin Co. v. Smith,* 277 Ark. 406, 423, 643 S.W.2d 526, 534 (1982) ("In matters involving worker's compensation benefits the employer shall be immune from third party tortfeasors' claims."); *Douglas v. Robbins & Myers, Inc.,* 505 F.Supp. 765, 769 (W.D.Mich.1980) (under the Worker's Compensation Law, an employer has no common liability which gives rise to a right to contribution); *Cameron v. G & H Steel Service, Inc.,* 494 F.Supp. 171, 174 (E.D.N.Y.1980) ("[I]t is settled in New Jersey that a tortfeasor sued by a covered employee may not obtain contribution by way of a third-party action against the employer."); *State v. Wien Air Alaska, Inc.,* 619 P.2d 719 (A 1980) (exclusive remedy of Worker's Compensation Act bars third party cross claims for indemnity and contribution against employer); *Cordier v. Stetson-Ross, Inc.,* 184 Mont. 502, 508, 604 P.2d 86, 89 (1979) ("[t]he provisions of the Worker's Compensation Act are exclusive as to the liability of the employer for damages sustained ... whether sought by the injured employee ... or by a third party."); *Georgia State Telephone Co. v. Scarboro,* 148 Ga.App. 390, 391, 251 S.E.2d 309, 310 (1978) ("The telephone company cannot recover from Scarboro for contribution as a joint tortfeasor because Scarboro's payment of worker's compensation benefits makes him immune from any further liability on account of his negligence causing the accident."); *Seaboard Coastline Railway*

*Co. v. Smith,* 359 So.2d 427, 429 (Fla.1978) (The key to contribution is common liability and no common liability exists where the employer is immunized from liability for tort by the Compensation Act); *See also Sydenstricker v. Unipunch Products, Inc.,* 288 S.E.2d 511, 516–17 (W.Va.1982) (although contribution from an employer by a joint tortfeasor is barred because no common liability exists between them, where the Workers' Compensation Act provides an express exception from immunity against suit by an employee, it follows that a suit grounded on this exception would enable a third party manufacturer to maintain an action against the employer for contribution).

■■■ Although some jurisdictions allow contribution from a negligent employer, we decide now, as we decided in *Abild,* that the right of contribution in Iowa is conditioned on the existence of common liability. Since no common liability exists between a third-party tortfeasor and an employer by virtue of our Workers' Compensation Act, our answer to certified question one is no. Having answered the first question negatively, we do not answer certified question number two.

CERTIFIED QUESTIONS ANSWERED.