**Michael REES, Robyn Rees, and Robyn Rees, as Mother and Next Friend of Candice Rees, Plaintiffs,**

v.

**DALLAS COUNTY, Iowa, Defendant.**

**DALLAS COUNTY, Iowa, Appellee,**

v.

**Ernest and Mona BARNES, Appellants.**

No. 84–1277.

Supreme Court of Iowa.

July 31, 1985.

William L. Chaplin and Sheila K. Tipton of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellants.

Carlton G. Salmons of Austin & Gaudineer, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

We granted this interlocutory appeal to examine a request that we abandon our rule requiring common liability as a prerequisite to contribution and indemnity. We decline to modify our rule and accordingly reverse the trial court's ruling.

June 25, 1984, plaintiff Michael Rees, his wife and child joined as plaintiffs in a petition at law seeking damages from Dallas County. They alleged that on the evening of May 12, 1984, Michael was severely injured when his motorcycle left a Dallas County road. The petition alleged fifteen specifications of negligence on the county's part, including unsafe road design, failure to warn, failure to erect signs, improper maintenance, and failure to illuminate. The county answered, denying all negligence and affirmatively alleging Michael was drunk, speeding, and driving negligently.

July 3, 1984, Dallas County filed a third party petition against Ernest and Mona Barnes (Barnes) as third party defendants. This petition alleged Barnes were proprietors of the tavern at which Michael became intoxicated on the evening of May 12. The county asked for indemnity or contribution from Barnes in the event it was found liable to "plaintiff Michael Rees." The county did not pray for contribution or indemnity in the event it was found liable to the other plaintiffs.

Barnes filed a motion to dismiss the third party petition. They asserted an immunity from Michael's suit because Iowa Code section 123.92 negated the common liability necessary to support an action for contribution. The district court for Dallas County overruled the motion to dismiss. We granted Barnes' application for interlocutory appeal.

This appeal presents a single question: May a defendant in a negligence action maintain an action for contribution or indemnity from a dram shop operator who defendant alleges served plaintiff alcoholic beverages to the point of intoxication?

The parties apparently take the following position with respect to the applicable law. Michael's petition was filed shortly before the July 1, 1984, effective date of Iowa Code chapter 668 (Liability in Tort—Comparative Fault). Therefore, *Goetzman v. Wichern*, 327 N.W.2d 742, 754 (Iowa 1982), controls that action. The county's third party petition for indemnity or contribution was filed July 3. Consequently, chapter 668 controls that action. *See* 1984 Iowa Acts ch. 1293, § 15.

■ I. Iowa has long adhered to the commonly accepted theory that contribution is available between concurrent tortfeasors only when those tortfeasors have a common liability to the injured party. *See Thompson v. Stearns Chemical Corp.*, 345 N.W.2d 131, 136 (Iowa 1984); *Dairyland Insurance Co. v. Mumert*, 212 N.W.2d 436, 440 (Iowa 1973); *Shonka v. Campbell*, 260

Iowa 1178, 1181, 152 N.W.2d 242, 244 (1967). A common liability exists when the injured party has a legally cognizable remedy against both the party seeking contribution and the party from whom contribution is sought. *Shonka*, 260 Iowa at 1182, 152 N.W.2d at 245. Contribution thus is limited to those instances in which the party from whom it is sought "does not have a special defense against an action by the injured party." *Iowa Power & Light Co. v. Abild Construction Co.*, 259 Iowa 314, 321, 144 N.W.2d 303, 308 (1966) (employer's special defense under workers' compensation statute to suit by employee immunized employer from third party petition for contribution); *see also Shonka*, 260 Iowa at 1182, 152 N.W.2d at 245 (host-driver's guest statute defense to passenger's suit immunized host-driver from third party petition for contribution).

In Iowa, a bar patron may not sue a dram shop operator for the injuries the patron suffers as a result of his or her own drunkenness. *Robinson v. Bognanno*, 213 N.W.2d 530, 531 (Iowa 1973); *Evans v. Kennedy*, 162 N.W.2d 182, 185 (Iowa 1968). Thus, the dram shop operator has a special defense to the patron's suit. This special defense makes common liability an impossibility under the alleged facts of this case and shelters Barnes beyond the reach of the county's petition for contribution with respect to Michael's damages.

Iowa Code chapter 668 preserves the common liability rule. Section 668.5(1) provides:

> A right of contribution exists between or among two or more persons *who are liable upon the same indivisible claim for the same injury*, death, or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose.

(Emphasis added.) The county has no right of contribution under this statute because

Barnes are not liable for Michael's injuries under any claim.

The county relies heavily on *Federated Mutual Implement· & Hardware Insurance Co. v. Dunkelberger*, 172 N.W.2d 137 (Iowa 1969). *Dunkelberger* is distinguishable from the instant case because the plaintiff insurance company represented the alleged intoxicated person, who, with the defendant dram shop operator, had a potential common liability for the damages to the victims of an auto collision.[1] *Dunkelberger*, 172 N.W.2d at 142–43. Here, the county requests contribution with respect to the asserted damages owed to the alleged intoxicated person.

Support for the county's argument is found in decisions from those jurisdictions that have relaxed the common liability rule in the workers' compensation context to allow a third party to seek contribution from a negligent employer. *See, e.g., Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 128, 257 N.W.2d 679, 688–89 (1977); *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 152–54, 282 N.E.2d 288, 294–95, 331 N.Y. S.2d 382, 390–92 (1972) (permitting an "apportionment of responsibility" under a claim for indemnity). We recently considered and rejected the rationale on which those cases turn. *See Thompson*, 345 N.W.2d at 134–36.

■ II. Our Iowa decisions have identified four bases for recovering indemnity: (1) express contract, (2) vicarious liability, (3) breach of an independent duty of indemnitor to indemnitee, and (4) secondary as opposed to primary liability (active-passive negligence). *Sweeny v. Pease*, 294 N.W.2d 819, 821 (Iowa 1980); *Peter v. Lyons*, 168 N.W.2d 759, 767 (Iowa 1969); *Iowa Power & Light Co.*, 259 Iowa at 322–23, 144 N.W.2d at 308. The county seeks indemnity under the active-passive negligence dichotomy.

Indemnity based on express contract, vicarious liability, or breach of an independent duty focuses on the relationship between the indemnitor and indemnitee. In

---

**1.** We note that in 1973 legislation was enacted to prohibit the intoxicated person's insurer from obtaining contribution from a dram shop operator. *See* Iowa Code § 123.94 (1973).

contrast, indemnity based on the active-passive negligence dichotomy focuses on the relationship between the injured party on the one hand and the indemnitor and indemnitee on the other. For this reason, indemnity based on active-passive negligence has been called "an extreme form of contribution." *Iowa Power & Light Co.*, 259 Iowa at 323, 144 N.W.2d at 309 (quoting *Slattery v. Marra Bros.*, 186 F.2d 134, 138 (2d Cir.1951)). "Such cases involve concurrent negligence (of different degrees) of the tortfeasors toward the injured party." *Id.* 259 Iowa at 323, 144 N.W.2d at 309.

Neither *Thompson* nor this case has presented the issue whether, following recognition of comparative fault in *Goetzman* and its codification in Iowa Code chapter 668, indemnity based on the troublesome active-passive negligence theory should still be recognized.[2] The concept apparently evolved from an effort to avoid the harshness of the old rule prohibiting contribution between joint tortfeasors. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 500–01 (5th Cir.1982); W. Prosser, *Law of Torts* § 50, at 306, 308 (4th ed. 1971).

It is sufficient for resolution of this controversy to note that in any event the common liability rule applies to foreclose indemnity as well as contribution. *See Iowa Power & Light Co.*, 259 Iowa at 323, 144 N.W.2d at 309 ("This form of indemnity is barred by the common liability rule when one of the tortfeasors is an employer under the Workmen's Compensation Act."). Our adoption of pure comparative negligence did not alter this rule. *See Thompson*, 345 N.W.2d at 134.

Iowa Code chapter 668 does not directly address the question of indemnity. Because indemnity based on active-passive negligence is a form of contribution, section 668.5(1) is relevant to our analysis. That section preserves the common liability requirement. We conclude that to allow indemnity based on active-passive negligence in the absence of common liability would be inconsistent with the statutory scheme of chapter 668.

The county's argument against applying the common liability rule to indemnity based on active-passive negligence is founded on *Goetzman* and the concerns with "fairness" said to have animated that decision. We considered and rejected that rationale in *Thompson* and are not persuaded to accept it now.

The district court erred in overruling Barnes' motion to dismiss the county's third party petition. Accordingly, the judgment of the district court must be reversed.

REVERSED.

---

**2.** *See Tolbert v. Gerber Indus., Inc.*, 255 N.W.2d 362, 367–68 (Minn.1977) (rejecting active-passive negligence indemnification following statutory adoption of comparative fault); Woods, *Some Observations on Contribution and Indemnity*, 38 Ark.L.Rev. 44 (1984):

> Aside from the difficulty of deciding which conduct constitutes passive negligence and which is active negligence, it is indisputable that in some circumstances passive negligence is much more reprehensible than active negligence. Quite naturally courts have recoiled from a result that would shift the entire responsibility for the occurrence to a less reprehensible tortfeasor. They have looked to comparative fault where that doctrine was available.

> *Id.* at 62–63.