**HYDRAULIC & AIR EQUIPMENT COMPANY, an Oregon corporation, Plaintiff,**

v.

**MOBIL OIL CORPORATION, a New York corporation; and Grangeville Grange Supply, Inc., an Idaho corporation, Defendants.**

Civ. No. 86–3093.

United States District Court, D. Idaho.

Jan. 30, 1987.

Gregory R. Giometti, Quane Smith Howard & Hull, Boise, Idaho, for plaintiff.

Howard Humphrey, Max A. Eiden, Rory R. Jones, Clemons Cosho & Humphrey, Boise, Idaho, for defendants.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

### I. INTRODUCTION

This matter comes before the court on Defendants Mobil Oil Corporation and Grangeville Grange Supply's motion to dismiss or, in the alternative, for summary judgment. A hearing on the motion was held by the court on January 26, 1987. All parties were represented by respective counsel.

### II. FACTUAL BACKGROUND

This action stems from a fire that occurred on April 23, 1982, at the Salmon River Lumber Company in Riggins, Idaho. The fire, which was allegedly caused by a faulty air compressor, completely destroyed the sawmill. Lumbermen's Underwriting Alliance (LUA), the fire insurer of Salmon River Lumber Company, paid the owners of the mill $6,200,000 for the loss.

LUA brought two separate actions in this court, one against Plaintiff Hydraulic & Air Equipment Company (Hydraulic) and Defendant Mobil Oil Corporation (Mobil), and a second action against Defendant Grangeville Grange Supply (Grangeville), to recover the amount paid to Salmon River Lumber Company for the loss. LUA was joined in the suit by individual victims of the fire. Hydraulic, through one of its agents, had removed high-pressure unloader springs from the air compressor prior to the fire at the sawmill. Suit was brought against Mobil and Grangeville because those entities had recommended the use of an oil, Pegasus 390, for the air compressor, which allegedly contributed to the malfunctioning of the compressor. The claims against the parties were subsequently consolidated.

On July 11, 1985, this court entered an order dismissing LUA's action against Mobil, Hydraulic and Grangeville because of the lack of diversity jurisdiction between the parties. On October 23, 1985, the court granted LUA's motion to intervene, and LUA rejoined the action by filing a complaint in intervention.

On February 25, 1986, the court conducted a hearing on Mobil and Hydraulic's motion to dismiss LUA's complaint in intervention.[1] At the close of the hearing, the court announced its decision that it would retain jurisdiction of the matter and deny the motions to dismiss. Counsel for LUA then made a motion under Rule 41(a) of the Federal Rules of Civil Procedure for voluntary dismissal of the action against Mobil. Counsel for LUA represented to the court that the basis for the motion was that LUA did not have a factual basis to support its claim against Mobil. Counsel for Mobil then made an oral motion for summary judgment against LUA.[2] The motion was orally granted by the court.

An order granting Mobil's motion for summary judgment was entered by the court on February 28, 1986. The court also

---

**1.** The motions to dismiss were based on the fact that Mobil, Hydraulic and Grangeville had reached settlement with the original plaintiffs in the action who were either victims of the fire or who had relatives who had died as a result of the fire. The court had originally allowed LUA to intervene to prevent any prejudice to LUA which might have resulted from the action brought by the other plaintiffs.

**2.** This oral motion was actually a renewal of defendant's motion for summary judgment which was filed with the court on August 9, 1985.

entered an order and summary judgment in favor of Grangeville based upon stipulation between LUA and Mobil that no factual basis existed for a claim or cause of action against Grangeville.

On February 28, 1986, Hydraulic entered into a settlement with LUA, whereby all of LUA's claims against Mobil, Hydraulic and Grangeville were to be released in exchange for payment of $2,600,000. On April 1, 1986, Hydraulic paid $2,600,000 to LUA pursuant to the settlement agreement.

Hydraulic has now filed with the court a complaint seeking contribution from Mobil and Grangeville for the alleged common liability shared by defendants to LUA for the damages resulting from the fire at the Salmon River Lumber Company. It is the defendants' motion to dismiss this complaint for contribution that must now be addressed by the court.

### III. DISCUSSION

■ In the case of *Brockman Mobile Home Sales v. Lee*, 98 Idaho 530, 567 P.2d 1281 (1977), the Idaho Supreme Court set forth the four elements which must be pleaded and proved by a joint tortfeasor who seeks contribution after entering into a settlement with an injured party. Those elements are: (1) his own negligence; (2) negligence of the joint tortfeasor; (3) that the settlement made by the paying wrongdoer was fair and reasonable; and (4) that the liability was a common liability. *Id.* at 531, 567 P.2d 1281, citing, Heft and Heft, *Comparative Negligence Manual* § 1.330 (1971).

Defendants concede that plaintiff has properly pled all four elements of a contribution action. However, it is asserted that, as a matter of law, plaintiff cannot prevail on the fourth element of the contribution action; that is, that the liability which Hydraulic discharged upon settlement with LUA was a liability in common with Mobil and Grangeville.

---

3. Resolution of this motion does not depend upon this court's adoption of a specific definition of common liability. However, for pur-

The term "common liability" has not been expressly defined by the Idaho courts. Defendants cite to the court the definition of common liability set forth by the Eighth Circuit in the case of *Chicago, Rock Island & Pacific Railroad Co. v. Chicago and North Western Railway Co.*, 280 F.2d 110 (8th Cir.1960). In that case, the Eighth Circuit court stated that, "common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party." *Id.* at 115.[3] Defendants argue that there is a "legal impediment" preventing plaintiff from proving common liability in this action. That "impediment" is this court's previous judicial determination that defendants are not legally liable to LUA for damages. Because defendants have been judicially determined to have no liability to LUA, it is argued, Hydraulic did not, therefore, discharge a liability it had in common with Mobil when it paid settlement funds to LUA.

While this argument is attractive on its face, defendants have failed to present a proper legal basis for such an assertion. The only way in which plaintiff can be "legally impaired" from proving common liability is for the court to hold that its previous rulings absolving defendants from liability are binding in this action. The only way that this result can be accomplished is through application of the doctrines of res judicata and collateral estoppel.

### A. *Application of the Principles of res judicata*

■ There are two elements to the doctrine of res judicata, claim preclusion and issue preclusion. *South Delta Water Agency v. United States Department of Interior*, 767 F.2d 531 (9th Cir.1985). The first element, claim preclusion, "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause

poses of analysis, the court will assume that the Eighth Circuit's definition of common liability is the same definition used by the Idaho courts.

of action.'" 18 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 4402 at 7 (1981). The doctrine of claim preclusion clearly does not apply in this case. The prior cause of action brought by LUA against Hydraulic, Mobil and Grangeville is separate and distinct from the contribution claim now brought by Hydraulic against Mobil and Grangeville.

The doctrine of collateral estoppel or issue preclusion "bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties." *Id.* For defendants to succeed on their motion, they must show that the doctrine of collateral estoppel or "issue preclusion" bars plaintiff from litigating the issue of defendants' common liability in this action.

■ In the prior action brought by LUA, the parties in the present suit were aligned as co-defendants. To determine how the doctrine of issue preclusion operates when the parties were aligned on the same side in the prior suit, the court looks to the Restatement (Second) of Judgments.[4] Particularly instructive to this case is Section 38 of the Restatement. It states:

> **Parties Aligned on the Same Side**
>
> Parties who are not adversaries to each other under the pleadings in an action involving them and a third party are bound by and entitled to the benefits of issue preclusion with respect to issues they actually litigate fully and fairly as adversaries to each other and which are essential to the judgment rendered.

Restatement (Second) of Judgments § 38 (1982). The question for this court is whether the issue of common liability was fully and fairly litigated between plaintiff and defendants in the prior action involving LUA. The record is clear, and defendants do not dispute, that at no time during the prior proceedings did Hydraulic and defendants litigate the issue of defendants' common liability. Accordingly, plaintiff is not barred by the doctrine of issue preclusion from litigating the issue of common liability in the present contribution action. This holding is consistent with the case law. *See* Annotations, 24 A.L.R.3d 318 (1969 & Supp.1986). The general rule in this area of law is concisely summarized in the case of *Reddington v. The Beefeaters Tables, Inc.*, 72 Wis.2d 119, 243 N.W.2d 401 (1976):

> The general rule is that there is no automatic preclusion of contribution claims by virtue of a judgment exonerating one of several potential joint tortfeasors.... [T]he matter is to be determined by the application of accepted principles of res judicata....
>
> ....
>
> This rule compels the conclusion that a defendant who has not had the opportunity to litigate his contribution claim and establish the existence of a common liability should not be precluded from doing so by the fact that the other tortfeasor was successful in defending the injured party's individual and independent claim for damages.

*Id.* 243 N.W.2d at 403–404.

## IV. ORDER

Based upon the foregoing analysis and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendants' motion to dismiss or, in the alternative, for summary judgment should be, and is hereby, DENIED.

---

4. The Idaho Court of Appeals recently adopted the Restatement (Second) of Judgments in the decision of *Aldape v. Akins* 105 Idaho 254, 668 P.2d 130 (Ct.App.1983).