785 P.2d 947

**HYDRAULIC & AIR EQUIPMENT COMPANY, an Oregon corporation, Plaintiff–Appellant,**

v.

**MOBIL OIL CORPORATION, a New York corporation; and Grangeville Grange Supply, Inc., an Idaho corporation, Defendants–Respondents.**

No. 17320.

Supreme Court of Idaho.

Nov. 20, 1989.

Quane, Smith, Howard & Hull, Boise, for plaintiff-appellant. Bruce R. McAllister, argued.

Clemons, Cosho & Humphrey, Boise, for defendants-respondents. Howard Humphrey, argued.

BAKES, Chief Justice.

On April 23, 1982, a fire at the Salmon River Lumber Company in Riggins, Idaho, completely destroyed the sawmill. Lumbermens Underwriting Alliance (Lumbermens) paid the owners of the mill $6,200,000.00 for the loss. Lumbermens then brought two separate subrogation actions in the United States district court, one against Hydraulic & Air Equipment Company (Hydraulic) and Mobil Oil Corporation (Mobil), and a second action against Grangeville Grange Supply (Grangeville) to recover the amount Lumbermens paid to Salmon River Lumber Company for the loss. The complaint alleged that the fire was caused by a faulty air compressor repaired or serviced by the defendants.

After several procedural motions, Lumbermens made a motion to dismiss under Rule 41(a) of the Federal Rules of Civil Procedure against Mobil and Grangeville, representing to the court that Lumbermens did not have a factual basis to support its claim against those defendants. Mobil and Grangeville immediately filed alternative motions for summary judgment upon the same ground, which were granted by the court, and the actions were dismissed as against Mobil and Grangeville.

Within a few days thereafter, Lumbermens and Hydraulic entered into a settlement whereby Lumbermens released all claims against Hydraulic, Mobil, and Grangeville, in exchange for a payment from Hydraulic of $2,600,000.00. Thereafter, Hydraulic filed the present action against Mobil and Grangeville for contribution, alleging that it had discharged the common liability of Hydraulic, Mobil, and Grangeville to Lumbermens, and therefore was entitled to contribution from Mobil and Grangeville.

Mobil and Grangeville moved to dismiss Hydraulic's complaint, arguing that in or-

der for Hydraulic to assert a contribution claim against Mobil and Grangeville, Hydraulic must have discharged a common liability which it had with Mobil and Grangeville. Mobil and Grangeville argue that Hydraulic, by settling with Lumbermens for $2,600,000.00, did not discharge a common liability because the prior summary judgment orders of the federal district court· had determined that there was no liability of Mobil and Grangeville to Lumbermens, and that therefore those summary judgment orders are res judicata on the issue of common liability.

The federal district court considered Mobil and Grangeville's motion to dismiss Hydraulic's complaint based upon the res judicata claim, and concluded that the summary judgments entered in the previous action by Lumbermens in favor of Mobil and Grangeville were not res judicata, and therefore denied Mobil and Grangeville's motion to dismiss Hydraulic's complaint for contribution, finding that Hydraulic "has not had the opportunity to litigate [its] contribution claim and establish the existence of a common liability [and] should not be precluded from doing so by the fact that the other tortfeasor[s] [were] successful in defending the injured party's individual and independent claim for damages." *Hydraulic & Air Equip. Co. v. Mobil Oil Corp.*, 652 F.Supp. 633, 636 (D.Idaho 1987).

Thereafter, an issue arose at the pretrial conference concerning what Hydraulic had to prove by way of the negligence of Hydraulic, Mobil, and Grangeville in order for Hydraulic to recover on its contribution claim against Mobil and Grangeville. The issue was whether under the statute applicable at that time, Idaho contribution among joint tortfeasors statute, former I.C. § 6–803, Hydraulic had to prove that it had discharged a "common liability," *i.e.*, whether Hydraulic and each of the defendants, Mobil and Grangeville, were more negligent than the Salmon River Lumber Company, and thus would have been liable to the Salmon River Lumber Company. The issue certified to this Court by the United States District Court reads:

Whether, under Idaho law, a plaintiff in a contribution action must prove that its

negligence and the negligence of the defendants in contribution was greater than the negligence of the third party with whom the party seeking contribution settled.

Hydraulic argues that it need not prove that its, Mobil's and Grangeville's fault each exceeds the fault of the Salmon River Lumber Company in order to maintain this contribution action. Rather, Hydraulic argues that under Idaho's contribution statute in effect in 1982, former I.C. § 6–803, it need only prove that Mobil and Grangeville were partially at fault in causing the accident, in which event liability should be equitably apportioned between Hydraulic, Mobil, and Grangeville. The version of I.C. § 6–803 in effect in 1982 provided:

**Contribution among joint tortfeasors— Declaration of right—Exception—Effect of comparative · negligence.—(1)** The right of contribution exists among joint tortfeasors, but a joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the *common liability* or has paid more than his pro rata share thereof.

(2) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

(3) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, each remaining severally liable to the injured person for the whole injury as at common law.

(4) As used herein, "joint tortfeasor" means one (1) of two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recov-

ered against all or some of them. (Emphasis added.)[1]

In order to obtain contribution from Mobil and Grangeville under the statute, Hydraulic had to "discharge the common liability" which it had with Mobil and Grangeville. I.C. § 6–803(1). A "joint tortfeasor" was defined in subsection (4) as "one (1) of two (2) or more persons jointly or severally liable in tort for the same injury to person or property...." Under the Idaho comparative negligence statute, I.C. § 6–801, in order for Hydraulic, Mobil or Grangeville to have been "jointly or severally liable in tort for the same injury to [the Salmon River Lumber Company]," it would have been necessary for Hydraulic to prove that Mobil, Grangeville and Hydraulic were more negligent than the Salmon River Lumber Company. *Odenwalt v. Zaring*, 102 Idaho 1, 624 P.2d 383 (1980).[2] Our conclusion that contribution may only be obtained among defendants who would have been liable to the original injured party is further supported by subsection (3) of I.C. § 6–803, which provided for proration among the various tortfeasors, while recognizing that "each [tortfeasor] remain[s] severally liable to the injured person for the whole injury as at common law." Thus, I.C. § 6–803(3) contemplates that contribution will be among those joint tortfeasors who are "severally liable to the injured person for the whole injury ..."

For Mobil and Grangeville to be liable in contribution to Hydraulic, Mobil, Grangeville and Hydraulic would have to be "severally liable to the injured person [Salmon River] for the whole injury." This would require proof that each was more negligent than Salmon River.

 Accordingly, under the Idaho Contribution Among Joint Tortfeasors Act, I.C. § 6–803, as existing in 1982, Hydraulic, in order to prove a contribution claim against Mobil and Grangeville, must have discharged a common liability which Hydraulic, Mobil and Grangeville had to the Salmon River Lumber Company. To prove such a liability, Hydraulic must show that it, Mobil and Grangeville were more at fault than the Salmon River Lumber Company.

Accordingly, the issue certified to this Court by the United States District Court is answered in the affirmative.

No costs or attorney fees allowed in this Court.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.

---

1. I.C. § 6–803 was substantially amended effective July 1, 1987.

2. In *Odenwalt* this Court adopted the "Wisconsin" or "individual" rule, whereby the negligence of a plaintiff is compared to the negligence of each individual defendant, and liability is imposed only as against a defendant whose negligence exceeds that of the plaintiff.